# RUTHERFORD & CHRISTIE, LLP
NEW YORK      ATLANTA

May 16, 2007

*Via Facsimile & Regular Mail: (914) 390-4179*     **MEMO ENDORSED**

Hon. Stephen C. Robinson
United States Judge
United States District Court
300 Quarropas St., Room 633
White Plains, NY 10601

    Re:    Linda DiMeglio v. Village of Briarcliff Manor
           Docket No.  :   07 Civ. 3324
           Our File No.  :     5001.122

Dear Judge Robinson:

       We represent defendant Village of Briarcliff Manor in the captioned matter. A review of the Complaint dated April 25, 2007 reveals that the case may be ripe for dismissal. As such, defendant Village of Briarcliff Manor seeks the Court's permission to serve and file a Motion to Dismiss the Complaint pursuant to Fed. R. Civ. Proc. 12(b).

       Plaintiff's first cause of action is for alleged violations of Title VII of the 1964 Civil Rights Act, 42 U.S.C. § 2000e, et. seq. Plaintiff is a police officer for the Village (¶¶ 6-7) and was pregnant at the time the events giving rise to the complaint took place (¶ 14). Her complaint alleges she was subjected to disparate treatment when she was denied benefits under New York General Municipal Law ("GML") § 207-c (¶¶ 16, 18) for an injury she sustained (¶¶ 11-12) while "on her job" (¶ 12). She alleges a male police officer (¶¶ 22, 28) received benefits under GML § 207-c (¶ 26) notwithstanding that he was injured "after his tour of duty." (¶ 23). Plaintiff concedes that the Village denied her benefits because she was not injured during her scheduled work hours. (¶ 20). Plaintiff further concedes that the arbitrator who heard her appeal issued a decision denying her benefits under GML § 207-c. (¶ 21).

       To establish a *prima facie* case of gender discrimination, plaintiff must show that (1) she is a member of a protected class; (2) she was qualified for the position or benefit sought; (3) she was the subject of an adverse employment action; and (4) the adverse action took place under circumstances giving rise to an inference of discrimination on the basis of her sex or pregnancy. Here, defendant concedes that plaintiff's complaint sufficiently demonstrates the first element

300 EAST 42ND STREET
NEW YORK, NEW YORK 10017-5947
(212) 599-5799
FACSIMILE (212) 599-5162

*Docket No.: 07 Civ. 3324*
*Our File No.: 5001.122*
*May 16, 2007*
*Page No. 2*

because the Complaint alleges she was pregnant and thus would be a member of a protected class under 42 U.S.C. § 2000e. The defendant contends, however, that plaintiff's complaint fails to set forth facts sufficient to demonstrate the second, third, and fourth elements of a disparate treatment cause of action.

Moreover, defendant contends that plaintiff's claim is barred by the relevant statute of limitations. Title VII requires that a charge of discrimination must be filed with the EEOC within 180 days of the last alleged unlawful practice unless the complainant has initially instituted proceedings with a state or local agency, in which case the time to file a charge with the EEOC is extended to 300 days. 42 U.S.C. § 2000e-5(e)(1). The Complaint fails to indicate that the plaintiff instituted proceedings with a state or local human rights agency and, therefore, the 180-day statute of limitations applies in this case. Further, plaintiff's EEOC complaint bears an EEOC stamp dated October 26, 2006. The allegedly unlawful employment action took place on January 11, 2006 when plaintiff was denied benefits (¶ 18). Thus, over nine months passed before plaintiff filed a charge of discrimination with the EEOC. Therefore, the action must be dismissed as untimely.

Further, the action should be dismissed because it is not ripe for adjudication and there is a prior action pending. Specifically, plaintiff brought proceeding pursuant to CPLR Article 78 is still pending in the Supreme Court, Westchester County (Hon. Lester B. Adler) under Index 23186/06. Plaintiff seeks to overturn the decision of the Arbitrator who denied her benefits under GML 207-c and seeks a judgment that the plaintiff is entitled to benefits Defendant has moved to dismiss that petition but, as of the date of this letter, the Court has not ruled on the Village's motion. Allowing the instant Title VII action to proceed before the Article 78 proceeding is resolved would invite inconsistent results.

Plaintiff's second cause of action seeks attorneys' fees pursuant to 42 U.S.C. § 1988. This cause of action is clearly derivative of the first and would be disposed along with the first cause of action. There are no other causes of action.

For all the foregoing reasons, and perhaps others as may arise after a more careful consideration of the pleadings, defendant Village of Briarcliff Manor seeks <u>the Court's permission to serve and file a Motion to Dismiss the Complaint pursuant to Fed. R. Civ. Proc. 12(b).</u>

Very truly yours,

RUTHERFORD & CHRISTIE, LLP

Daniel L. Adams (DA6891)

RUTHERFORD & CHRISTIE, LLP

Docket No.: 07 Civ. 3324
Our File No.: 5001.122
May 16, 2007
Page No. 3

DLA/me

cc:   *Via facsimile and regular mail: (914) 681.9505*
BAKER, LESHKO, SALINE & BLOSSER, LLP
Attorneys for Plaintiff
One North Lexington Avenue
White Plains, NY 10601
(914) 681-9500
Attn: Mitchell J. Baker (MB-4339)

> Defendant may file a motion to dismiss without a pre-motion conference. The parties shall submit a proposed briefing schedule to be ordered by the court.

**APPLICATION GRANTED**

*Stephen C. Robinson*
HON. STEFHEN C. ROBINSION   5/17/07

RUTHERFORD & CHRISTIE, LLP