

# Exhibit "A"

**BAKER, LESHKO, SALINE & BLOSSER, LLP**
*Attorneys for Plaintiff*
**One North Lexington Avenue**
**White Plains, New York 10601**
**914.681.9500**
**Mitchell J. Baker (MB-4339)**

**07 CIV. 3324**

**ROBINSON**

S.D. OF N.Y.W.P.

2007 APR 26 A 9: 12

FILED
U.S. DISTRICT COURT

| | |
|---|---|
| UNITED STATES DISTRICT COURT | **JURY TRIAL** |
| SOUTHERN DISTRICT OF NEW YORK | **DEMANDED** |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

LINDA DiMEGLIO,                                    :        07 Civ.   (  )

                    Plaintiff,                          :

        -against-                                      :        **COMPLAINT**

VILLAGE OF BRIARCLIFF MANOR,          :

                    Defendant.                        :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Plaintiff, Linda DiMeglio, by her attorneys, Baker, Leshko, Saline &

Blosser, LLP, complaining of the above-mentioned defendant, alleges as follows:

**Parties**

1. Plaintiff Linda DiMeglio is a citizen and resident of the County of

Westchester, State of New York.

1

2. Defendant Village of Briarcliff Manor (hereinafter sometimes referred to as "Briarcliff") is a municipal entity organized under and existing pursuant to the laws of the State of New York.

### Jurisdiction

3. This action involves the deprivation of certain rights guaranteed by the United States Constitution and federal law, an in particular Title VII of the Civil Rights Act of 1964 (hereinafter "Title VII").

4. Jurisdiction of this Court is based upon 28 U.S.C. §1331 (federal question).

5. Venue of this Court is proper in this District pursuant to 28 U.S.C. §1391.

### Background

6. Police Officer DiMeglio was and is at all relevant times herein an employee of the Village of Briarcliff Manor, employed by the Police Department thereof as a police officer.

7. Police Officer DiMeglio has worked as a police officer for the Briarcliff Police Department for a period of approximately five (5) years.

8. The Briarcliff Manor Police Department is a small department and at all relevant times herein had approximately twenty (20) members, including officers and patrolman.

2

10. At all relevant times herein, the Briarcliff Manor Police Department has two female members, Police Officer DiMeglio and one other female police officer.

11. On or about December 28, 2005, Police Officer DiMeglio suffered serious injuries to her back and left knee.

12. The injuries Police Officer DiMeglio suffered were performed on her job as a Police Officer for the Briarcliff Police Department.

13. Due to the injuries Police Officer DiMeglio suffered on or about December 28, 2005, Police Officer DiMeglio was unable to perform her duties as a police officer.

14. At the time of her accident, Police Officer DiMeglio was pregnant.

15. The Village of Briarcliff Manor through its representatives, agents and officer knew that Police Officer DiMeglio was pregnant at the time of her injuries.

16. On or about January 4, 2006, Police Officer DiMeglio filed an application for disability benefits provided under New York General Municipal Law §207-c.

officers are entitled to full pay and medical benefits if they are injured in the performance of duty.

18. On or about January 11, 2006, Police Officer DiMeglio received a determination from Briarcliff denying her disability benefits under General Municipal Law §207-c stating the she was not injured during her scheduled work hours.

19. On or about January 17, 2006, Police Officer DiMeglio submitted a request to appeal the determination of Briarcliff denying disability benefits provided under General Municipal Law §207-c.

20. In such appeal, Briarcliff took the position that Police Officer DiMeglio was not entitled to benefits under General Municipal Law §207-c as she was not injured during her scheduled work hours.

21. On or about July 31, 2006, the Arbitrator who heard the appeal issued a decision denying Police Officer DiMeglio benefits under General Municipal Law §207-c.

22. Prior to the decision of Briarcliff not to provide Police Officer DiMeglio, a certain Dennis Waldron was employed by Briarcliff as a Police Officer.

4

## AS AND FOR A FIRST CLAIM FOR RELIEF

### (Sex Discrimination)

31. Plaintiff is an employee of Briarcliff within the meaning of Title VII.

32. The Village of Briarcliff Manor is an employer within the meaning of Title VII.

33. The Village of Briarcliff Manor discriminated against Police Officer DiMeglio in that it denied her benefits under General Municipal Law §207-c wherein it allowed benefits to be granted to Police Officer Waldron, who is a male, under circumstances which evidence discrimination on the part of Briarcliff.

34. Plaintiff has been damaged.

## AS AND FOR A SECOND CLAIM FOR RELIEF

35. Plaintiff realleges and repeats the allegations and statements contained in paragraphs "1" through "34" of this complaint as if more fully set forth herein.

36. Plaintiff is entitled to attorneys' fees in this action pursuant to 28 U.S.C. § 1988.

WHEREFORE, plaintiff demands judgment as follows:

6

1.     On the first claim for relief, a declaration that the Village of Briarcliff Manor has discriminated against Plaintiff upon the basis of sex in violation of law, together with compensatory and exemplary damages in an amount as determined by this Court;

2.     On the second claim for relief, attorneys' fees and disbursements in an amount as determined by this Court;

3.     Costs and disbursements of this action; and

4.     For such other, further and different relief this Court deems just.

Dated: White Plains, New York
      April 25, 2007

                          BAKER, LESHKO, SALINE & BLOSSER, LLP
                          *Attorneys for Plaintiff*


By:_____
                          Mitchell J. Baker (MB-4339)
                          One North Lexington Avenue
                          White Plains, New York 10601
                          914.681.9500

# Exhibit "A"

**(Right to Sue Letter)**


**U.S. Department of Justice**

Civil Rights Division

NOTICE OF RIGHT TO SUE
WITHIN 90 DAYS

---

CERTIFIED MAIL
5057 2549

*950 Pennsylvania Avenue, N.W.*
*Karen Ferguson, EMP, PHB, Room 4239*
*Washington, DC 20530*

April 19, 2007

Ms. Linda DiMeglio
c/o Mitchell J. Baker, Esquire
Law Offices of Baker, Leshko, et al.
Attorneys at Law
1 North Lexington Ave.
White Plains, NY 10601-1712

Re: EEOC Charge Against Village of Briarcliff Manor Police Department
No. 520200700451

Dear Ms. DiMeglio:

Because you filed the above charge with the Equal Employment
Opportunity Commission, and the Commission has determined that it
will not be able to investigate and conciliate that charge within
180 days of the date the Commission assumed jurisdiction over the
charge and the Department has determined that it will not file any
lawsuit(s) based thereon within that time, and because you through
your attorney have specifically requested this Notice, you are
hereby notified that you have the right to institute a civil action
under Title VII of the Civil Rights Act of 1964, as amended, 42
U.S.C. 2000e, et seq., against the above-named respondent.

If you choose to commence a civil action, such suit must be
filed in the appropriate Court within 90 days of your receipt of
this Notice.

This Notice should not be taken to mean that the Department of
Justice has made a judgment as to whether or not your case is
meritorious.

Sincerely,

Wan J. Kim
Assistant Attorney General
Civil Rights Division

by Karen S. Ferguson

Karen L. Ferguson
Supervisory Civil Rights Analyst
Employment Litigation Section

cc: New York District Office, EEOC
Village of Briarcliff Manor Police Department



Exhibit "B"

**BAKER, LESHKO, SALINE & BLOSSER, LLP**
*Attorneys for Plaintiff*
**One North Lexington Avenue**
**White Plains, New York 10601**
**914.681.9500**
Mitchell J. Baker (MB-4339)

07 CIV. 3324 (SCR)

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
- - - - - - - - - - - - - - - - - - - - - - - - - - - x

LINDA DiMEGLIO,                                        :

                            Plaintiff,                   :

           -against-                                :               **AFFIDAVIT OF**
                                             **SERVICE**

VILLAGE OF BRIARCLIFF MANOR,                           :

                         Defendant.                   :
- - - - - - - - - - - - - - - - - - - - - - - - - - - x

      I, MITCHELL J. BAKER, duly sworn, deposes and says:

1.     I am over eighteen (18) years of age and am not a party to this action;

2.     I am employed One North Lexington Avenue, White Plains, New York 10601;

3.     On April 26, 2007, at approximately 2:40 p.m., I served a true copy of the Summons,

Complaint and Civil Cover Sheet in this matter upon the office of the Village Clerk of the Village

of Briarcliff Manor located at 111 Pleasantville Road, Briarcliff Manor, New York.  The

documents were personally handed to the clerk who identified herself as Christine.

                                       MITCHELL J. BAKER

Sworn to before me this
_____ day of April, 2007

**JOAN MARSHALL CRESAP, ESQ.**
**Notary Public, State of New York**
No. 02CR-4985905
Qualified in Westchester County
My Commission Expires April 30, 20__

_____
NOTARY PUBLIC

1

# Exhibit "C"

# RUTHERFORD & CHRISTIE, LLP

### NEW YORK        ATLANTA

May 16, 2007

*Via Facsimile & Regular Mail: (914) 390-4179*          **MEMO ENDORSED**

Hon. Stephen C. Robinson
United States Judge
United States District Court
300 Quarropas St., Room 633
White Plains, NY 10601

<table>
<tr><td>Re:</td><td colspan="3">Linda DiMeglio v. Village of Briarcliff Manor</td></tr>
<tr><td></td><td>Docket No.</td><td>:</td><td>07 Civ. 3324</td></tr>
<tr><td></td><td>Our File No.</td><td>:</td><td>5001.122</td></tr>
</table>

Dear Judge Robinson:

We represent defendant Village of Briarcliff Manor in the captioned matter. A review of the Complaint dated April 25, 2007 reveals that the case may be ripe for dismissal. As such, defendant Village of Briarcliff Manor seeks the Court's permission to serve and file a Motion to Dismiss the Complaint pursuant to Fed. R. Civ. Proc. 12(b).

Plaintiff's first cause of action is for alleged violations of Title VII of the 1964 Civil Rights Act, 42 U.S.C. § 2000e, et. seq. Plaintiff is a police officer for the Village (¶¶ 6-7) and was pregnant at the time the events giving rise to the complaint took place (¶ 14). Her complaint alleges she was subjected to disparate treatment when she was denied benefits under New York General Municipal Law ("GML") § 207-c (¶¶ 16, 18) for an injury she sustained (¶¶ 11-12) while "on her job" (¶ 12). She alleges a male police officer (¶¶ 22, 28) received benefits under GML § 207-c (¶ 26) notwithstanding that he was injured "after his tour of duty." (¶ 23). Plaintiff concedes that the Village denied her benefits because she was not injured during her scheduled work hours. (¶ 20). Plaintiff further concedes that the arbitrator who heard her appeal issued a decision denying her benefits under GML § 207-c. (¶ 21).

To establish a *prima facie* case of gender discrimination, plaintiff must show that (1) she is a member of a protected class; (2) she was qualified for the position or benefit sought; (3) she was the subject of an adverse employment action; and (4) the adverse action took place under circumstances giving rise to an inference of discrimination on the basis of her sex or pregnancy. Here, defendant concedes that plaintiff's complaint sufficiently demonstrates the first element

*Docket No.: 07 Civ. 3324*
*Our File No.: 5001.122*
*May 16, 2007*
*Page No. 2*

because the Complaint alleges she was pregnant and thus would be a member of a protected class under 42 U.S.C. § 2000e. The defendant contends, however, that plaintiff's complaint fails to set forth facts sufficient to demonstrate the second, third, and fourth elements of a disparate treatment cause of action.

Moreover, defendant contends that plaintiff's claim is barred by the relevant statute of limitations. Title VII requires that a charge of discrimination must be filed with the EEOC within 180 days of the last alleged unlawful practice unless the complainant has initially instituted proceedings with a state or local agency, in which case the time to file a charge with the EEOC is extended to 300 days. 42 U.S.C. § 2000e-5(e)(1). The Complaint fails to indicate that the plaintiff instituted proceedings with a state or local human rights agency and, therefore, the 180-day statute of limitations applies in this case. Further, plaintiff's EEOC complaint bears an EEOC stamp dated October 26, 2006. The allegedly unlawful employment action took place on January 11, 2006 when plaintiff was denied benefits (¶ 18). Thus, over nine months passed before plaintiff filed a charge of discrimination with the EEOC. Therefore, the action must be dismissed as untimely.

Further, the action should be dismissed because it is not ripe for adjudication and there is a prior action pending. Specifically, plaintiff brought proceeding pursuant to CPLR Article 78 is still pending in the Supreme Court, Westchester County (Hon. Lester B. Adler) under Index 23186/06. Plaintiff seeks to overturn the decision of the Arbitrator who denied her benefits under GML 207-c and seeks a judgment that the plaintiff is entitled to benefits Defendant has moved to dismiss that petition but, as of the date of this letter, the Court has not ruled on the Village's motion. Allowing the instant Title VII action to proceed before the Article 78 proceeding is resolved would invite inconsistent results.

Plaintiff's second cause of action seeks attorneys' fees pursuant to 42 U.S.C. § 1988. This cause of action is clearly derivative of the first and would be disposed along with the first cause of action. There are no other causes of action.

For all the foregoing reasons, and perhaps others as may arise after a more careful consideration of the pleadings, defendant Village of Briarcliff Manor seeks the Court's permission to serve and file a Motion to Dismiss the Complaint pursuant to Fed. R. Civ. Proc. 12(b).

Very truly yours,

**RUTHERFORD & CHRISTIE, LLP**

Daniel L. Adams (DA6891)

RUTHERFORD & CHRISTIE, LLP

*Docket No.: 07 Civ. 3324*
*Our File No.: 5001.122*
*May 16, 2007*
*Page No. 3*

DLA/me

cc:     *Via facsimile and regular mail: (914) 681.9505*
      BAKER, LESHKO, SALINE & BLOSSER, LLP
      Attorneys for Plaintiff
      One North Lexington Avenue
      White Plains, NY 10601
      (914) 681-9500
      Attn: Mitchell J. Baker (MB-4339)

Defendant may File a
motion to dismiss without
a pre-motion conference.
The parties shall submit
a proposed briefing schedule
to be ordered by the
court.

**APPLICATION GRANTED**

*Stephen C Robinson*

HON. STEFHEN C. ROBINSON   5/17/07

RUTHERFORD & CHRISTIE, LLP



# BAKER, LESHKO, SALINE & BLOSSER, LLP

## ATTORNEYS AT LAW
### ONE NORTH LEXINGTON AVENUE
### WHITE PLAINS, NEW YORK 10601-1712
TEL: 914.681.9500
FAX: 914.681.9505

MITCHELL J. BAKER
GARY L. LESHKO
ANTHONY CHRIS SALINE
MICHELE S. BLOSSER (ALSO CT)

CONNECTICUT OFFICE:
34 EDGEWOOD AVENUE
GREENWICH, CONNECTICUT 06830

June 11, 2007

Daniel L. Adams, Esq.
Rutherford & Christie, LLP
300 East 42nd Street
New York, New York 10017-5947

**Re: *DeMeglio v. Village of Briarcliff Manor***
**07 Civ. 3324 (SCR)**
**Your File No. 5001.122**

Dear Daniel:

As a follow up to our recent telephone conversation, Judge Robinson has allowed you to make a Rule 12(b) motion as indicated in the enclosed Memo Endorsed. Accordingly, please provide, in accordance with the Judge's direction, a proposed scheduling order for the motion. I will only need two (2) weeks to submit any opposing papers.

Please understand that even though you may wish to make a Rule 12(b) motion, it is my position that discovery must go forward in the absence of a stay from the Court, which has not been issued by the Court. Therefore, I enclose a copy of my proposed scheduling order in this case. Please review and advise if satisfactory.

Very truly yours,

Mitchell J. Baker

MJB:ww
Enclosures

FILE COPY

# BAKER, LESHKO, SALINE & BLOSSER, LLP

### ATTORNEYS AT LAW
### ONE NORTH LEXINGTON AVENUE
### WHITE PLAINS, NEW YORK 10601-1712
TEL: 914.681.9500
FAX: 914.681.9505

MITCHELL J. BAKER
GARY L. LESHKO
ANTHONY CHRIS SALINE
MICHELE S. BLOSSER (ALSO CT)

CONNECTICUT OFFICE:
34 EDGEWOOD AVENUE
GREENWICH, CONNECTICUT 06830

June 25, 2007

Daniel L. Adams, Esq.
Rutherford & Christie, LLP
300 East 42nd Street
New York, New York 10017-5947

      *Re:  DeMeglio v. Village of Briarcliff Manor*
      *07 Civ. 3324 (SCR)*
      *Your File No. 5001.122*

Dear Daniel:

    I have not heard from you since my letter of June 11th.  I ask that you please respond to the same prior to the conference in this matter which is at present scheduled before Judge Robinson on July 20, 2007.

                       Very truly yours,

                       Mitchell J. Baker

MJB:ww



---

LINDA DIMEGLIO,

                     Plaintiff,

                     v.

VILLAGE OF BRIARCLIFF,

                     Defendant.

07 Civ. 3324 (SCR)

ORDER

---

**STEPHEN C. ROBINSON, District Judge:**

Following initiation of this action, defendant wrote to the Court on May 16, 2007 indicating its desire to file a motion to dismiss the complaint pursuant to Rule 12(b). By order dated May 17, 2007, the Court granted leave to defendant to file a motion to dismiss without the required pre-motion conference, and ordered that the parties submit a proposed briefing schedule. No proposed briefing schedule was submitted and defendant failed to appear at a scheduled initial conference on July 20, 2007. Accordingly it is hereby ORDERED,

That counsel for defendant shall notice an appearance in this matter no later than August 3, 2007. Defendant shall answer or move to dismiss the complaint no later than August 3, 2007. If defendant moves to dismiss the complaint, Plaintiff shall file any opposition no later than August 17, 2007. Defendants shall file any reply papers by August 24, 2007.

*It is so ordered.*

White Plains, New York
Dated: _____ July 20 _____, 2007

                     _____
                         Stephen C. Robinson
                    United States District Judge

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED:

# Exhibit "G"

ECF

## U.S. District Court
## United States District Court for the Southern District of New York (White Plains)
## CIVIL DOCKET FOR CASE #: 7:07-cv-03324-SCR

DiMeglio v. Village of Briarcliff Manor
Assigned to: Stephen C. Robinson
Cause: 28:1331 Fed. Question

Date Filed: 04/26/2007
Jury Demand: Plaintiff
Nature of Suit: 440 Civil Rights: Other
Jurisdiction: Federal Question

**Plaintiff**

**Linda DiMeglio**                     represented by    **Mitchell John Baker**
Baker, Leshko, Saline & Blosser, LLP
One North Lexington Ave
White Plains, NY 10601
(914)-681-9500
Fax: (914)-681-9505
Email: mbaker@mjbakerlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Village of Briarcliff Manor**

| Date Filed | # | Docket Text |
|---|---|---|
| 04/26/2007 | 1 | COMPLAINT against Village of Briarcliff Manor. (Filing Fee $ 350.00, Receipt Number 606278)Document filed by Linda DiMeglio.(fk) (Entered: 04/27/2007) |
| 04/26/2007 | | SUMMONS ISSUED as to Village of Briarcliff Manor. (fk) (Entered: 04/27/2007) |
| 04/26/2007 | | Case Designated ECF. (fk) (Entered: 04/27/2007) |
| 04/26/2007 | | Magistrate Judge George A. Yanthis is so designated. (fk) (Entered: 04/27/2007) |
| 04/27/2007 | 2 | AFFIDAVIT OF SERVICE. Village of Briarcliff Manor served on 4/26/2007, answer due 5/16/2007. Service was accepted by Clerk of the Village - Christine. Document filed by Linda DiMeglio. (Baker, Mitchell) (Entered: 04/27/2007) |
| 05/18/2007 | 3 | ENDORSED LETTER addressed to Judge Stephen C. Robinson from Daniel L. Adams dated 5/16/2007 re: defendant Village of Briarcliff Manor seeks the Court's permission to serve and file a Motion to Dismiss |

| | | |
|---|---|---|
| | | the Complaint...ENDORSED: Defendant may file a motion to dismiss without a pre-motion conference. The parties shall submit a proposed briefing schedule to be ordered by the Court. Application Granted. (Signed by Judge Stephen C. Robinson on 5/17/2007) "The Clerk's Office Has Mailed Copies".(mde) (Entered: 05/21/2007) |
| 06/11/2007 | 4 | RULE 26 DISCLOSURE.Document filed by Linda DiMeglio.(Baker, Mitchell) (Entered: 06/11/2007) |
| 07/20/2007 | 5 | ORDER... Accordingly it is hereby ORDERED that counsel for defendant shall notice an appearance in this matter no later than August 3,2007. Defendant shall answer or move to dismiss the complaint no later than August 3,2007. If defendant moves to dismiss the complaint, Plaintiff shall file any opposition no later than August 17, 2007. Defendant shall file reply papers by August 24, 20073 It is so ordered. (Signed by Judge Stephen C. Robinson on 7/20/2007) (cg) (Entered: 07/20/2007) |
| 07/20/2007 | | Minute Entry for proceedings held before Judge Stephen C. Robinson : Interim Pretrial Conference held on 7/20/2007. Deft's file motion and file notice of appearance by 8/3/07, response due 8/17/07, reply due 8/24/07. If no motion filed by 8/3/07 by the deft, plaintiff will file motion as necessary. (fk) (Entered: 07/31/2007) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 08/09/2007 09:42:51 | | |
| **PACER Login:** | mb1874 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 7:07-cv-03324-SCR |
| **Billable Pages:** | 1 | **Cost:** | 0.08 |