EEOC Form 5 (5/01)

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act. See enclosed Privacy Act Statement and other information before completing this form.

Charge Presented To: Agency(ies) Charge No(s):

[ ] FEPA
[X] EEOC 520-2007-00451

and EEOC

State or local Agency, if any

| Name (Indicate Mr., Ms., Mrs.) | | Date of Birth |
|---|---|---|
| Ms. Linda DiMeglio | | 3/25/75 |
| Street Address: 132 Highland Drive | City, State and ZIP Code: Cortlandt Manor, New York 10567 | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (*If more than two are named, list under PARTICULARS below.*)

| Name | No. Employees, Members | Phone No. with Area Code |
|---|---|---|
| Village of Briarcliff Manor Police Department | 16 | (914) 941-2130 |
| Street Address: 1111 Pleasantville Road — City, State and ZIP Code: Briarcliff, New York 10510 | | |
| Name | No. Employees, Members | Phone No. with Area Code |
| | | |
| Street Address — City, State and ZIP Code | | |

DISCRIMINATION BASED ON (*Check appropriate box(es).*)

[ ] RACE [ ] COLOR [X] SEX [ ] RELIGION [ ] NATIONAL ORIGIN
[ ] RETALIATION [ ] AGE [ ] DISABILITY [ ] OTHER (*Specify below.*)

DATE(S) DISCRIMINATION TOOK PLACE

| Earliest | Latest |
|---|---|
| Jan 11, 2006 | July 31, 2006 |

[ ] CONTINUING ACTION

THE PARTICULARS ARE (*If additional paper is needed, attach extra sheet(s)*):

**SEE ATTACHED**

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

NOTARY – *When necessary for State or Local Agency Requirements*

I declare under penalty of perjury that the above is true and correct.

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.

SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (*month, day, year*)

Date ____ Charging Party Signature ____

RECEIVED
OCT 26 2006
EEOC-NYDO ENF

COMPLAINT

My date of birth is March 25, 1975 and I am 31 years of age. I have been employed by the Village of Briarcliff Manor Police Department since May 2001. In all my years as a police officer with the Village, I have never been written up or cited for wrongdoing.

In December 2005 I made a formal request, via my Police Officer's Benevolent Association ("PBA") attorney, to work modified desk duty because I was three months pregnant at the time (Exhibit "A" attached hereto). I learned that I could work modified duty if the Sergeant on duty were willing to work patrol. If he were not willing to work patrol, I would be forced to work full patrol or take unpaid leave once my accrued leave time had been exhausted. There were however two prior instances within my Department, wherein male officers were permitted to work light duty, due to an off the job injury, with the approval of the Chief. Even after numerous letters back and forth between my PBA attorney Marilyn D. Berson, and the attorney for the Village, Richard Zuckerman, my request for modified duty was never fully addressed or resolved. The position of the Village was that since I was out on Workers' Compensation leave and I had not declared publicly that I would return to work before giving birth, the request should be postponed further (Exhibit "B" attached hereto). This was the first of two incidents which lead me to believe that I have received disparate treatment from my employer based on the fact that I was a pregnant female.

The second incident began on December 28, 2005. On such day, I arrived at the police station for work at approximately 2:45 PM. My shift was to begin at 3:00 PM. I went to the restroom and then to the women's locker room where I began changing into my uniform. As I was putting on one of my shoes, I lost my balance and grabbed hold of a bookshelf for support. The bookshelf and all of its contents fell on top of me causing injury to my left knee and lower back. The paramedics were called and I was subsequently transported to White Plains Hospital Center.

Due to the injuries I sustained on December 28, 2005, I requested General Municipal Law ("GML") Section 207-c status from the Village of Briarcliff Manor. I submitted my application for GML Section 207-c benefits on January 4, 2006. I was notified by letter from Michael S. Blau, Village Manager, dated January 11, 2006, that my application for GML Section 207-c benefits had been denied (Exhibit "C" attached hereto). According to such letter, my benefits were denied because my injury occurred prior to 3:00 PM when my shift was scheduled to begin. There was however, at least one other incident analogous to mine wherein a male officer (P.O. Denis Waldron) was granted Section 207-c benefits after shooting himself in the finger with his off duty weapon in the locker room after his shift had ended. The Village has not given me any legitimate reason as to why I was denied Section 207-c benefits and the male officer was not. Once again, I believe I received disparate treatment based on the fact that I was a pregnant female. I feel that the underlying position of the Village of Briarcliff Manor, along with the Briarcliff Manor Police Department, was that they did not want a pregnant

female going out on full pay just so she could stay home with her baby and possibly never return to work.

As a result of the denial of my GML Section 207-c benefits, I appealed the decision of the Village Manager by letter dated January 17, 2006. In the interim, before the matter was arbitrated pursuant to the collective bargaining agreement between the Village of Briarcliff Manor and the Briarcliff Manor Police Benevolent Association, I applied for Workers' Compensation benefits.[1] I was granted Workers' Compensation benefits with no objection from the Village. If my denial of GML Section 207-c benefits was because my injury occurred prior to my shift, as the Village claims, they should have also objected to me receiving Workers' Compensation benefits, as the prerequisites for receiving Workers' Compensation benefits are quite similar to those of GML Section 207-c.

My case is a very simple one. I am a female police officer who has, on several occasions, been treated differently than my similarly situated male counterparts for no legitimate reason. After requesting modified duty while pregnant, I was given the run-around by the Village Board and the issue was never fully addressed. In the past however, other male officers were granted modified duty without a problem. I have also been denied GML Section 207-c benefits because my injury allegedly occurred prior to the beginning of my shift. A male officer in a very similar situation on the other hand, was granted Section 207-c benefits after accidentally shooting himself after his shift had ended. In addition to the above-referenced incidents, I have also been denied every request I have made with regards to shift work. I have put in requests to do my tour of duty at certain schools, but I have never been granted the schools requested. There are however, males in the Department with less time on the job who are regularly granted their requested schools.

In sum, I believe that because of my status as a pregnant female, I have been treated less favorably than male police officers in similar situations. Neither the Village of Briarcliff Manor nor the Briarcliff Manor Police Department have been able to articulate any legitimate, nondiscriminatory reason for not allowing me to perform modified duty or for denying me my GML Section 207-c benefits.




[1] Arbitrator Jay M. Siegel sustained the decision of the Village Board denying my GML Section 207-c benefits in his Opinion and Award dated July 31, 2006.

Exhibit A

RECEIVED
OCT 26 2006
EEOC-NYDO-ENFORCEMENT

THE LAW OFFICES OF
MARILYN D. BERSON
ATTORNEY AT LAW

24 ALDEN ROAD
POUGHKEEPSIE, NEW YORK 12603
TEL 845.473.4922

1 SPRING SQUARE BUSINESS PARK
NEWBURGH, NEW YORK 12550
TEL 845.566.5526 / FAX 845.566.9416
e-mail: mberson@nysupa.com

December 16, 2005

**VIA FACSIMILE AND MAIL**

Michael S. Blau, Village Manager
Village of Briarcliff Manor
1111 Pleasantville Road
Briarcliff Manor, NY 10510

Re: Briarcliff Manor, Village of and Village of Briarcliff Manor Policemen's Benevolent Association, Inc. – Police Officer Linda DiMeglio

Dear Mr. Blau:

I am writing to make a formal request on behalf of Police Officer Linda DiMeglio, who, as I believe you know, is approximately three months pregnant, that she be permitted to work modified desk duty, effective immediately until the birth of her child.

I have spoken with Chief of Police Campion regarding this request. He has agreed that she may work as desk officer if the Sergeant assigned to her tour agrees to work patrol. He has also agreed that she may switch tours with other officers to avoid working the midnight tours. However, the burden is on Officer DiMeglio to make these arrangements. If she is unable to obtain the consent of the Sergeant to work the desk or is unable to arrange a switch, she will be forced to either work full/regular patrol or to take unpaid leave once her accrued leave is exhausted.

In discussions with Chief Campion I raised two prior instances where police officers had been permitted to work light duty due to off-the-job injuries. He was not able to locate any documentation to confirm this. However, after speaking with him, I spoke with the two officers involved. The first, Ray Di Benedictus, who is now a Sergeant in another department, worked light duty for approximately one week in 1993 or 1994 after injuring his hand at home. The second, Daniel Murphy, injured a finger off duty in 1998 or 1999. He was allowed to work desk duty for approximately one month while recuperating. Both officers advised me that it was unlikely any documentation would

MARILYN D. BERSON
ATTORNEY AT LAW



exist to confirm their light duty status. At the time, prior Police Chief Trainham was in office. Officer Murphy, in particular, stated that the Sergeants obtained the approval of the Chief for this light duty.

Based upon this history, it would appear that Officer DiMeglio is receiving disparate treatment from other officers unable to work full duty due to an off-duty injury or illness. This raises concerns under the Pregnancy Discrimination Act. Even without this history, a violation of Officer DiMeglio's rights under the Civil Rights Act may also occur. A no modified duty policy, even if applied to all officers, unquestionably has a disparate impact on pregnant women. There is, in fact, a lawsuit pending against Suffolk County in the federal District Court of New York (*Lochren et al v. Suffolk County*), initiated by pregnant police officers denied light duty, regarding this and other similar issues.

I know that the Village has a small police department. However, most departments, including ones of similar size, such as Croton-on-Hudson and the State Police, in individual barracks, allow pregnant officers to work modified/desk duty, presumably in recognition of their rights and their special needs in the workforce. No doubt, these employers also wish to ensure that pregnant officers are not forced into taking unpaid leave.

I would appreciate your reviewing this matter as quickly as possible and advising me, in writing, of the Village's willingness to allow Officer DiMeglio to work as desk officer during the remainder of her pregnancy and to work only the day and evening tours, without her bearing the responsibility of finding a replacement for patrol or her tour. She would, of course, not be seeking any additional pay for serving as desk officer.

I can be reached at the Newburgh telephone number and address above.

Thank you for your attention to this matter.

Yours truly,

Marilyn D. Berson

Marilyn D. Berson

RECEIVED
OCT 26 2006
EEOC-NYDO ENFORCEMENT

MDB/nlm
Cc: Norman Campion, Chief of Police
Linda DiMeglio
J.R. Newman, PBA President
Anthony V. Solfaro, NYSUPA, Inc. President

Exhibit B

# LAMB & BARNOSKY, LLP

ATTORNEYS AT LAW

MELVILLE OFFICE
534 BROADHOLLOW ROAD, SUITE 210
PO BOX 9034
MELVILLE, NY 11747-9034
631.694.2300 • FAX: 631.694.2309

JERICHO OFFICE
125 JERICHO TURNPIKE, SUITE 100
JERICHO, NEW YORK 11753
516.334.0390 • FAX: 516.334.9788
INTERNET: WWW.LAMBBARNOSKY.COM
EMAIL: ATTORNEY'S INITIALS @ LAMBBARNOSKY.COM

SERVICE BY E-MAIL OR FACSIMILE NOT ACCEPTED

EUGENE R. BARNOSKY
SHARON N. BERLIN*
ROBERT H. COHEN
FREDERICK EISENBUD
MICHELLE S. FELDMAN
MARCIA L. FINKELSTEIN
STEVEN GODSBERG
MICHAEL J. HELLER**
GARY HOLMAN
SCOTT M. KARSON
P.L. LAMB
ARTHUR A. LANE
CARL S. LEVINE
JOEL M. MARKOWITZ
GERALD P. ROSENBERG
PATRICE DOWD SHENN
JEFFREY A. ZANKEL
RICHARD K. ZUCKERMAN

* ALSO ADMITTED IN CT
** ALSO ADMITTED IN NJ

COUNSEL
JEFFREY S. KARP
DIANE J. MOFFET
HOWARD W. NEWMAN
RITA FISHMAN SHEENA
OF COUNSEL
LLOYD K. CHANIN
SAMUEL H. GOLDEN
THOMAS A. O'ROURKE
JOSEPH J. SALVATORE
ASSOCIATES
CATHLEEN D. ALLEN
LINDSAY TOWNSEND CROCKER
LILIA FACTOR***
MARA N. HARVEY
MICHAEL KRAUTHAMER****
BRAD A. SCHLOSSBERG**
MARGARET K. TERRY
JANE C. TUCKER*****

*** ALSO ADMITTED IN ISRAEL
**** ALSO ADMITTED IN MA
***** ALSO ADMITTED IN DC AND VA

February 22, 2006

**BY TELEFAX**

Marilyn D. Berson, Esq.
NYS Union of Police Associations
1 Spring Square Business Park
Newburgh, NY 12550

Re: Village of Briarcliff Manor/Linda DiMeglio

Dear Marilyn:

I am writing as a follow-up to your most recent correspondence regarding this employee.

It remains the Village's position that, since Ms. DiMeglio is presently on a workers' compensation leave of absence and is unable to perform the essential duties of her job, and has not publicly expressed that she is likely to return to work prior to the birth of her child, we should postpone until another day the resolution of her request for a light duty assignment.

Please let me know if you have any additional questions about the status of this matter.

Very truly yours,

Richard K. Zuckerman

Richard K. Zuckerman

RKZ/z

cc: Mike Blau

RECEIVED
OCT 26 2006
EEOC-NYDO-ENFORCEMENT

Exhibit C

VILLAGE OF
BRIARCLIFF MANOR
www.briarcliffmanor.org




1111 PLEASANTVILLE ROAD
BRIARCLIFF MANOR, N.Y. 10510
TELEPHONE: (914) 944-2782
FAX: (914) 941-4837

January 11, 2006




Ms. Linda DiMeglio
557 Willett Avenue
Port Chester, New York 10573

Re: General Municipal Law Section 207-c

Dear Linda:

Reference is made to your application requesting GML Section 207-c status from the Village of Briarcliff Manor. The date of the accident prompting your application is December 28, 2005 and the date of your application is January 4, 2006. Please be advised that I have reviewed your application and have the following comments in relation to the information provided on the application form..

- The time of the incident, as noted in your application form is 15:00, or 3:00 p.m. However, the Police Report noting the call for medical aid states the time to be 14:47. Based thereon, I must presume that the actual time of the accident prompting your application is 14:47 or prior to 14:47 and that is the time that I must use to evaluate your application.
- Your application notes that P.O. Farrington and Police Chief Norman Campion are both witnesses to your accident. Neither person actually witnessed the accident.

Your hours of work on the date of the accident were 15:00 to 23:00 (3:00 p.m. to 11:00 p.m.). The accident for which you are requesting benefits occurred prior to your scheduled work hours.

Based upon the information as included in your application and revised as noted herein, your application for GML Section 207-c benefits are hereby denied.

Very truly yours,

Michael S. Blau
Village Manager

MSB:mb

C: Norman Campion, Chief of Police

Document Retention Notice Pursuant to Charge Of Discrimination

YOU ARE HEREBY GIVEN NOTICE NOT TO DESTROY, CONCEAL OR ALTER ANY PAPER DOCUMENTS OR ELECTRONIC DATA INCLUDING DATA GENERATED BY OR STORE ON ANY COMPUTER OR COMPUTER STORAGE MEDIA (E.G., HARD DISKS, FLOPPY DISKS, BACKUP TAPES), THAT RELATE TO THE CLAIMS AND DEFENSES IN THE ACCOMPANYING CHARGE OF DISCRIMINATION. FAILURE TO COMPLY WITH THIS NOTICE, EITHER THROUGH INTENTIONAL ACTS OR NEGLIGENCE, CAN RESULT IN SANCTIONS FOR SPOLIATION OF EVIDENCE. SANCTIONS COULD INCLUDE MONETARY PENALTIES AND OTHER COURT-IMPOSED ACTION.

A. **Paper Documents to be Preserved**: Hard-copy information which should be preserved includes, but in not limited to:

1. Personnel files;
2. Employee data;
3. Payroll information;
4. Personnel policies, procedures, and regulations;
5. Letters, memoranda and notes;
6. All complaints of discrimination or unfair treatment;
7. All documents related to internal investigations; and
8. All other documents containing information relevant to the subject matter of the charge of discrimination.

B. **Electronic Data to be Preserved**: Electronic information which should be preserved includes, but is not limited to:

1. Electronic mail (e-mail) and information about e-mail (including message contents, header information and logs of e-mail system usage) sent or received which is relevant to the subject matter of the charge of discrimination;
2. Databases (including all records and fields and structural information in such databases), containing any reference to or information about the human resources or personnel information of your employees;
3. Word processing files, including prior drafts, "deleted" files and file fragments containing information about or relevant to the subject matter of the charge of discrimination:
4. Electronic data files and file fragments created or used by electronic spreadsheet programs, where such data files contain information relevant to the subject matter of the charge of discrimination; and
5. All other electronic data containing information relevant to the subject matter if the charge of discrimination.