SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER
---------------------------------------------------------------x

Filed 11/27/06

In the Matter of the Application of
LINDA L. DIMEGLIO

Index No.: 23186-06

Petitioner(s)

**NOTICE OF PETITION**

-against-

Basis of Venue
Second Department
Jurisdiction and Location
of Respondents

VILLAGE OF BRIARCLIFF MANOR, NEW YORK, and
MICHAEL S. BLAU, as Village Manager of the Village
of Briarcliff Manor, New York

Respondent(s).

---------------------------------------------------------------x

FOR A JUDGMENT PURSUANT TO ARTICLE 78, CPLR, TO REVIEW AND TO ANNUL THE DETERMINATION MADE BY THE RESPONDENT TO DENY PETITIONER DISABILITY BENEFITS AS REQUIRED BY LAW, AND FOR SUCH OTHER APPROPRIATE RELIEF.

S I R S:

PLEASE TAKE NOTICE, that upon the annexed petition of Anthony C. Saline, Esq., verified by the Petitioner on November 15, 2006, and the Exhibits attached thereto, the undersigned will move this court at a term, Part _____ hereof, to be held in the Westchester County Courthouse, located at 111 Dr. Martin Luther King, Jr. Blvd., White Plains, New York 10601 on the 27th day of December, 2006 at 9:30 a.m. in the forenoon of that day of as soon after as counsel can be heard for a judgment:

(1)     Pursuant to CPLR Article 78, vacating, nullifying and setting aside the opinion and

award of Arbitrator Jay M. Siegel, confirming the determination of Respondent Village of Briarcliff Manor, and Michael S. Blau, Village Manager of the Village of Briarcliff Manor, which denied Petitioner, Linda L. DiMeglio, disability benefits under Section 207-c of the New York General Municipal Law on the grounds that the determination was affected by errors of law; the determination was arbitrary and/or capricious and an abuse of discretion; and that the determination was not supported by substantial evidence on the entire record.

(2)  Pursuant to CPLR Article 78, adjudging and decreeing that the Petitioner, Linda L. DiMeglio, is entitled to disability benefits under Section 207-c of the New York General Municipal Law;

(3)  Pursuant to 42 U.S.C. 1988, granting Petitioner, Linda L. DiMeglio, an award of attorney fees in the amount to be determined by the court and for granting Petitioner the costs and disbursements of this action hereto, with such other and further relief as the court may deem just and equitable.

PLEASE TAKE FURTHER NOTICE, that the answer and supporting affidavits, if any, shall be served at least five days before the aforesaid date of the hearing.

Dated: White Plains, New York
November 15, 2006

Yours, etc.

By: _____
Anthony C. Saline, Esq.
BAKER, SALINE & BLOSSER, LLP
Attorneys for Petitioner
One North Lexington Avenue
White Plains, New York 10601
(914) 422-9700

To:  MICHAEL S. BLAU
VILLAGE MANAGER OF THE VILLAGE OF BRIARCLIFF MANOR, NEW YORK
RESPONDENT
Village of Briarcliff Manor
1111 Pleasantville Road
Briarcliff Manor, New York 10510

CHRISTINE DENNETT
VILLAGE CLERK OF THE VILLAGE OF BRIARCLIFF MANOR, NEW YORK
Village of Briarcliff Manor
1111 Pleasantville Road
Briarcliff Manor, New York 10510

CLINTON SMITH, ESQ.
ATTORNEYS FOR THE RESPONDENT
Wormser, Kiely, Galef & Jacobs, LLP
399 Knollwood Road, STE 205
White Plains, New York 10603

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER
------------------------------------------------------------X

In the Matter of the Application of
LINDA L. DIMEGLIO

                Petitioner(s)                **PETITION**

   -against-

VILLAGE OF BRIARCLIFF MANOR, NEW YORK, and
MICHAEL S. BLAU, as Village Manager of the Village
of Briarcliff Manor, New York,

                Respondent(s).

------------------------------------------------------------X

FOR A JUDGMENT PURSUANT TO ARTICLE 78, CPLR, TO REVIEW AND ANNUL
THE DETERMINATION MADE BY THE RESPONDENT TO DENY PETITIONER
DISABILITY BENEFITS AS REQUIRED BY LAW, AND FOR SUCH OTHER
APPROPRIATE RELIEF.

    The verified petition of Linda L. DiMeglio, by her attorney, Baker, Saline & Blosser,

LLP, by Anthony C. Saline, Esq., respectfully submits the following:

    1.    The Petitioner at all times hereinafter mentioned has been a member of the

         Village of Briarcliff Manor, New York Police Department for over five years, and

         has been assigned to the Patrol Division. By virtue of her employment as a Police

         Officer for the Village of Briarcliff Manor Police Department, County of

         Westchester, State of New York, Petitioner is entitled to statutory benefits under

         New York General Municipal Law § 207-c.

2.  The Respondent Village of Briarcliff Manor, New York, and Village Manager Michael S. Blau, acting as the Claims Manager, pursuant to the collective bargaining agreement between the Village of Briarcliff Manor and the Briarcliff Manor Police Benevolent Association is charged with the responsibility of administering disability benefits for the Village of Briarcliff Manor Police Department, including those applications filed for disability benefits outlined in New York General Municipal Law § 207-c. (Attached hereto as Exhibit "A" are copies of the Collective Bargaining Agreement and the Memorandum of Agreement).

3.  On December 28, 2005, the Petitioner, Linda L. DiMeglio, suffered grievous injuries to her back and left knee which rendered her disabled and unable to perform her duties as a police officer. (Attached hereto as Exhibit "B" are records and reports related to Petitioner's injury).

4.  On or about January 4, 2006, the Petitioner filed an application for disability benefits provided under New York General Municipal Law Section 207-c. (Attached hereto as Exhibit "C" are copies of the application).

5.  On or about January 11, 2006, the Petitioner received a determination from the Respondent Village Manager denying the Petitioner's disability benefits stating that the Petitioner was not injured during her scheduled work hours. (Attached

hereto as Exhibit "D" is a copy of the denial of benefits).

6. On or about January 17, 2006, Petitioner submitted a request to appeal the determination denying disability benefits provided under General Municipal Law Section 207-c, as provided by the collective bargaining agreement between the Village of Briarcliff Manor and the Briarcliff Manor Police Benevolent Association. As a result, a hearing was held on April 25, 2006, before Jay Siegel, Esq., as Arbitrator, who was selected by Respondent and Petitioner. There were no transcripts made pursuant to the April 25, 2006 hearing. (Attached hereto as Exhibit "E" is a copy of Petitioner's request for a hearing).

7. When the hearing was closed, both Petitioner and Respondent submitted closing briefs to guide the Arbitrator in reaching his decision. The record was closed on or about July 13, 2006 when both parties had submitted their briefs (Attached hereto as Exhibit "F" are the closing briefs of the Petitioner and Respondent).

8. Thereafter, on or about July 31, 2006, the Arbitrator issued his Opinion and Award in a decision which was received by the Petitioner on August 2, 2006, denying Petitioner disability benefits as provided under New York General Municipal Law § 207-c. The Respondent Village Manager accepted the Arbitrator's decision as final and binding on all parties pursuant to the collective bargaining agreement. As per the collective bargaining agreement, the Arbitrator's decision is only reviewable under the provisions of Article 78 of the

New York Civil Practice Law and Rules. (Attached hereto as Exhibit "G" is the Arbitrator's Opinion and Award).

9. The determination of the Arbitrator and Respondent denying Petitioner's application was arbitrary and capricious, an abuse of discretion, and affected by errors of law.

10. Said determination of the Arbitrator was made as the result of a hearing held, at which time evidence was taken and said determination on the entire record is not supported by substantial evidence. Specifically, the Arbitrator and Respondent Village Manager ignored a substantial amount of documentary evidence that indicates that Police Officer DiMeglio's injury and disability was directly caused by the performance of duties which are inherent to her position as a Police Officer. Petitioner was injured during an accident which occurred on December 28, 2005 after a shelf located inside of the woman's locker room of the Briarcliff Manor Police Department fell upon her while she was donning police uniform gear that is required to be on her person at the start of her tour as a Police Officer. The Arbitrator and Respondent Village Manager, in error, concluded that the Petitioner's injury was not caused in the performance of duty solely because she had not begun her official "paid" tour of duty.

11. The Arbitrator and Respondent Village Manager chose to ignore a mountain of evidence proving the Petitioner was injured during the performance of her duties

such as cellular telephone records and internal police documents indicating that she was injured while inside police headquarters performing a police function. The Arbitrator ignored that fact that Petitioner called her brother-in-law at 3:22 p.m. to ask him which hospital she should be taken to when the ambulance arrived. Her brother-in-law works in a local emergency room and his advice was sought by the Petitioner. While the Arbitrator and Respondent Village Manager place a significant amount of weight on the Job Description provided by the County of Westchester Personnel Office, they failed to take into account that the document only provides a small sampling of the duties that a police officer will do, and is not all inclusive. Any attempt to provide an all inclusive list of the duties that a police officer could undertake during the course of employment would be futile at best since police work and duties encompass so many potential variables. Because they failed to weigh the evidence properly to reach a conclusion, this decision must be overturned. (Attached hereto as Exhibit "H" is a copy of the job description as provided by the County of Westchester) (Attached hereto as exhibit "I" are telephone records from Nextel).

12. For instance, the Arbitrator and Respondent Village Manager ignored the fact that donning a police uniform is an inherent job duty of a police officer which is best done at police headquarters for safety and tactical reasons. Since the Petitioner was not issued a portable radio, to wear a police uniform with no means of communication via radio in an emergency would leave an officer open to danger without the means to instantly call for help on a radio. The idea of police officers

getting dressed at their place of employment is so universally accepted that almost every police agency in the country, including the Village of Briarcliff Manor, provides lockers and locker rooms to police officers so they may prepare for their tour of duty and turn out from headquarters completely equipped to provide the public service that they do, safely and efficiently with all of the tools of their trade on their person.

13. It is clear that the Arbitrator decision and Respondent Village Manager's acceptance of the Arbitrator's decision was clearly arbitrary and capricious and inconsistent with law. The Arbitrator and Respondent Village Manager unfairly concluded that the Petitioner was not injured while performing the duties of a police officer. The Arbitrator, in his decision dated July 31, 2006, used flawed logic in finding that the Petitioner voluntarily reported to headquarters before the actual start of her tour. The Petitioner was inside headquarters only minutes before the time she was to begin a paid tour of duty. There are many times that police officers perform police related duties on unpaid time, yet the duties are still police related. New York State General Municipal Law § 207-c does not state that the injury must be incurred during paid work time, only that the injury was incurred during the performance of police duty. The time at work before the start of the tour is considered to be work time even under the Fair Labor Standards Act, even though the employee is not paid for that time.

14. Similarly, the Arbitrator and Respondent Village Manager are using a de facto "heightened risk" standard by stating the Petitioner was injured during non police work. The New York Court of Appeals dispensed with the "heightened risk" standard and the Arbitrator and Respondent Village Manager arbitrarily decided to employ the use of it in this case. The provisions of New York General Municipal Law § 207-c are to be liberally construed in favor of the police officer and to apply this de facto standard goes against the very reason the statute exists. The Arbitrator and Respondent Village Manager further arbitrarily decided not to award General Municipal Law § 207-c benefits to the Petitioner even though the Village of Briarcliff Manor had previously awarded General Municipal Law § 207-c benefits to another officer who accidently shot himself twenty minutes after his tour of duty. This is clearly an abuse of discretion and error of law. (Attached hereto as Exhibit "J" is the Transcript and Decision regarding Police Officer Denis Waldron).

15. The Arbitrator and Respondent also failed to accept the fact that while officers are at headquarters prior to the start of their respective tour they can, and do, receive orders from superior officers to report immediately. A fellow officer testified that on March 17, 2006 he was ordered by his Sergeant to immediately go on duty at approximately twenty minutes before his tour was to start. During the hearing, Chief Campion was advised by counsel whether an officer would be disciplined if he or she refused to commence duty before their tour if ordered. Since officers are routinely ordered to report for duty prior to the official start of their tours, the

Case 7:07-cv-03324-SCR    Document 9-5    Filed 08/22/2007    Page 11 of 13

Arbitrator again displayed an abuse of discretion. (Attached hereto as Exhibit "K" is the police blotter from March 17, 2006 indicating Officer Newman responded on a call prior to the start of his 11 p.m. to 7 a.m. shift).

16. No previous application has heretofore been made for the relief requested herein.

WHEREFORE, Petitioner demands a judgment pursuant to CPLR Article 78 of the Civil Practice Law and Rules as follows:

 a. Pursuant to CPLR Section 7803(3) the determination made by the Respondent received by legal counsel to the Petitioner on or about August 2, 2006 denying Petitioner's application for disability benefits under New York General Municipal Law Section 207-c was arbitrary and capricious, an abuse of discretion, affected by errors of law, and was made as a result of a hearing held, and at which evidence was taken, pursuant to direction by law is, on the entire record and not supported by substantial evidence.

 b. In the alternative, for an Order pursuant to CPLR 7804(g), transferring the issues raised herein to the Appellate Division, Second Department;

 c. For costs and disbursements of this action;

 d. For an award of attorneys' fees; and

 e. For such other and further relief as this court deems just and proper.

Dated: White Plains, New York
November 15, 2006

Yours, etc.,

By: _____
Anthony C. Saline, Esq.
BAKER, SALINE & BLOSSER, LLP
Attorneys for Petitioner
One North Lexington Avenue
White Plains, New York 10601
(914) 422-9700

To: MICHAEL S. BLAU
VILLAGE MANAGER
RESPONDENT
Village of Briarcliff Manor
1111 Pleasantville Road
Briarcliff Manor, New York 10510

CHRISTINE DENNETT
VILLAGE CLERK OF THE VILLAGE OF BRIARCLIFF MANOR, NEW YORK
Village of Briarcliff Manor
1111 Pleasantville Road
Briarcliff Manor, New York 10510

CLINTON SMITH, ESQ.
ATTORNEYS FOR THE RESPONDENT
Wormser, Kiely, Galef & Jacobs, LLP
399 Knollwood Road, STE 205
White Plains, New York 10603

## VERIFICATION

STATE OF NEW YORK        )
                         ) ss.:
COUNTY OF WESTCHESTER    )

LINDA L. DiMEGLIO, being duly sworn, deposes and says:

1. I am the petitioner in this action.

2. I have read the annexed petition, know the contents thereof, and the same are true to my knowledge, except as to those matters therein which are stated to be alleged upon information and belief, and as to those matters I believe them to be true.

*[signature]*
LINDA L. DiMEGLIO

Sworn to before me this
15th day of November, 2006

*[signature]*
Notary Public

ANTHONY C. BALINE
NOTARY PUBLIC, STATE OF NEW YORK
ID. No: 02SA6114914
QUALIFIED IN WESTCHESTER COUNTY
MY COMMISSION EXPIRES 08/23/2008