UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
LINDA DiMEGLIO,

                       Plaintiff,                07 CIV 3324 (SCR)

       - against -

VILLAGE OF BRIARCLIFF MANOR,

                       Defendant.
------------------------------------------------------------X

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS

Of Counsel: Daniel L. Adams

# TABLE OF CONTENTS

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . i

PRELIMINARY STATEMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

STATEMENT OF FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

STANDARD OF REVIEW . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

POINT I

Plaintiff's Title VII Claim Should be
Dismissed Because it is Time-Barred . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6


POINT II

Plaintiff's Title VII Claim Should be
Dismissed Because The Plaintiff Cannot
Establish a Prima Facie Case . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

A.    Plaintiff Was Not Entitled to Benefits
      Under GML §207-c . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

B.    The Plaintiff Was Not Subject to
      an Adverse Employment Action . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

C.    An Adverse Action Did Not Occur
      Under Circumstances Giving Rise to
      an Inference of Discrimination . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

POINT III

The Instant Federal Action Should be Stayed Because
Plaintiff's Article 78 Proceeding is Still Pending . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

POINT IV

Plaintiff's 42 U.S.C. § 1988 Claim Should be Dismissed

Because it is Derivative of The Title VII Claim . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

**CONCLUSION** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

**TABLE OF AUTHORITIES**

**Cases:**

Arline v. Potter,
      404 F.Supp.2d 521, 529 (S.D.N.Y. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

Barnes v. Printron, Inc.,
      1995 WL 649936 at * 2 (S.D.N.Y. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Bell Atlantic Corp.  v. Twombly,
      127 S.Ct. 1955, 1960 (2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Benjamin v. Traffic Executive Ass'n, Eastern R.R.,
      869 F.2d 107, 110 (2d Cir. 1989) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

Bolt Elec., Inc. v. City of New York,
      53 F.3d 465, 469 (2d Cir. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Chacko v. Dynair Services, Inc.,
      2001 WL 930774 at *11 (E.D.N.Y. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8, 12, 13

Doe v. Pfrommer,
      148 F.3d 73, 79 (2d Cir. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Feingold v. New York,
      366 F.3d 138, 152 (2d Cir. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8,11

Galabya v. New York City Bd. of Educ.,
      202 F.3d 636, 640 (2d Cir. 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

Hirsh v. Arthur Andersen & Co.,
      72 F.3d 1085, 1088 (2d Cir. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Hishon v. King & Spaulding,
      467 U.S. 69, 73 (1984) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

H.J. Inc. v. Northwestern Bell Tel. Co.,
      492 U.S. 229, 249-50 (1989) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

In re The Drexel Burnham Lambert Group, Inc,
      161 B.R. 902, 908 (S.D.N.Y. 1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9, 14

Jacobson v. Fireman's Fund Ins.Company,
    111 F.3d 261, 267-269 (2d Cir. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9,14

Juan C. v. R.C. Cortines,
    89 N.Y.2d 659, 667 (1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Kent v. New York City Dep't. of Sanitation,
    549 F.Supp. 570 (S.D.N.Y. 1982) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

Kremer v. Chemical Construction Corp.,
    456 U.S. 461, 485 (1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

Lennon v. New York City,
    392 F.Supp.2d 630, 642 (S.D.N.Y. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

Levich v. The Liberty Central School Dist.,
    361 F.Supp.2d 151, 164 (S.D.N.Y. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

McNulty v. New York City Dept. Of Finance,
    941 F.Supp. 452, 455-56 (S.D.N.Y. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8,11

Mohasco Corp. v. Silver,
    447 U.S. 807, 826 (1980) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Morris v. Lindau,
    196 F.3d 102, 110 (2d Cir. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

National R.R. Passenger Corp. v. Morgan,
    536 U.S. 101, 109 (2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6,7

Shumway v. United Parcel Service, Inc.,
    118 F.3d 60, 63 (2d Cir. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

Smith v. Local 819 I.B.T. Pension Plan,
    291 F.3d 236, 240 (2d Cir. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

St. Mary's Honor Ctr. v. Hicks,
    509 U.S. 502, 506-07 (1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8, 11, 12

Van Zant v. KLM Royal Dutch Airlines,
    80 F.3d 708, 713 (2d Cir. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

**Statutes:**

42 U.S.C. § 2000e-5(e)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

42 U.S.C. § 2000e-5(k) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

N.Y. Gen. Mun. § 207-c
    (McKinney 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

## PRELIMINARY STATEMENT

Defendant, Village of Briarcliff Manor (hereinafter "the Village"), by and through its attorneys, RUTHERFORD & CHRISTIE, LLP, respectfully submits this Memorandum of Law in Support of its Motion to Dismiss plaintiff's Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure on the ground that it fails to state a claim upon which relief can be granted.  Also submitted in support of the instant motion is the Declaration of Daniel L. Adams, with exhibits annexed thereto.

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the defendant respectfully submits that the plaintiff's Complaint should be dismissed as a matter of law as it fails to state a claim upon which relief can be granted because: (1) the plaintiff's Title VII discrimination claim is barred by the relevant statute of limitations; (2) the plaintiff cannot establish that she was qualified for the benefits sought as is required to establish a sex discrimination claim under Title VII; (3) the plaintiff did not suffer a materially adverse change in the terms and conditions of her employment as is required to establish a sex discrimination claim under Title VII; (4) an adverse action did not occur under circumstances giving rise to an inference of discrimination as is required to establish a sex discrimination claim under Title VII; (5) the case is not ripe for adjudication as plaintiff's Article 78 proceeding is still pending; and (6) the plaintiff's 42 U.S.C. § 1988 cause of action for attorney's fees is not applicable to claims brought under Title VII.

## STATEMENT OF FACTS

The plaintiff has worked for the Briarcliff Manor Police Department (hereinafter "the Police Department") for approximately five years.  See Exhibit "A", at ¶ 7.[1]  The Police Department has approximately twenty members, and the plaintiff is one of two female police officers.  See Exhibit "A", at ¶¶ 8-10.

On December 28, 2005 the plaintiff was scheduled to work from 3:00 p.m. to 11:00 p.m. The plaintiff arrived at the police station at approximately 2:45 p.m., fifteen minutes prior to the beginning of her tour of duty.  See Exhibit "B", at p. 4[2]; see also Exhibit "C".  She went to the locker room to change into her uniform.  While she was changing, the plaintiff lost her balance and to avoid falling, grabbed a large bookcase, which then fell on her and caused her to fall to the floor.  See Exhibit "B", at p. 4; see also Exhibit "C".  As a result, the plaintiff sustained injuries to her left knee and back.  See Exhibit "A", at ¶ 11; see also Exhibit "B", at p. 4; see also Exhibit "C".

On January 4, 2006 the plaintiff filed an application for disability benefits under New York General Municipal Law § 207-c (hereinafter "GML § 207-c").  See Exhibit "A", at ¶ 16; see

---

[1]    All references to Exhibits "A"-"D" refer to the exhibits annexed to the Declaration of Daniel L. Adams, submitted in support of the defendant's motion to dismiss.

[2]    Inasmuch as the plaintiff's allegations are, for the purposes of this motion only, assumed to be true, the Court can and should consider the documents plaintiff references in her Complaint. "In assessing the legal sufficiency of a claim, the court may consider those facts alleged in the complaint, documents attached as an exhibit thereto or incorporated by reference . . . and documents that are integral to plaintiff's claims, even if not explicitly incorporated by reference." Hanig v. Yorktown Cent. School Dist., 384 F.Supp.2d 710 (S.D.N.Y. 2005) (citing Federal Rule of Civil Procedure 10[c]; Cortec Indus., Inc. v. Sum Holding L.P., 949 F.2d 42, 46-48 (2d Cir.1991); Lee v. State of N.Y. Dep't of Corr. Servs., No. 97 Civ. 7112, 1999 WL 673339, at *2 n. 4 (S.D.N.Y. Aug. 30, 1999); U.S. Fid. & Guar. Co. v. Petroleo Brasileiro S.A.-Petrobas, No. 98 Civ. 3099, 2001 WL 300735, at *2 (S.D.N.Y. Mar. 27, 2001) ("The Court can consider documents referenced in the Complaint and documents that are in the plaintiffs' possession or that the plaintiffs knew of and relied on in bringing their suit.")).  Consequently, the Arbitrator's Opinion and Award, and the plaintiff's EEOC charge and Article 78 Petition are cited herein and should be considered.

also Exhibit "B", at p. 4. On January 11, 2006 Michael S. Blau, the Village Manager, informed

the plaintiff that her application for GML § 207-c was being denied. See Exhibit "A", at ¶ 18; see

also Exhibit "B", at p. 5. Mr. Blau reviewed both the plaintiff's application and the police report

and determined that the time of the plaintiff's accident was approximately 14:47 or 2:47 p.m.,

which was prior to the commencement of the plaintiff's tour of duty. Therefore, the plaintiff was

denied benefits under GML § 207-c. See Exhibit "B", at p. 5. Prior to the plaintiff's accident,

Officer Dennis Waldron was injured after his tour of duty while cleaning his off-duty gun in the

locker room. Officer Waldron was granted benefits under GML § 207-c. See Exhibit "A", at ¶

22-28.

       The plaintiff then appealed the Village's determination denying her benefits under GML

§ 207-c on January 17, 2006. See Exhibit "A", at ¶ 19; see also Exhibit "B", at p. 5. In

accordance with the collective bargaining agreement between the Village and the Village of

Briarcliff Manor Policemen's Benevolent Association, Inc., Jay M. Siegel, Esq. was designated as

Arbitrator to hear and decide the issue of whether the plaintiff was eligible for GML § 207-c

status due to the injuries sustained in December 28, 2005. See Exhibit "B", at pp. 1-2. On April

25, 2006 a hearing was held before the Arbitrator, and both parties were afforded a full and fair

hearing, which included the right to have representation, and the opportunity to present evidence,

examine and cross-examine witnesses and make arguments in support of their respective

positions. Id. According to the collective bargaining agreement, the parties agreed that the

determination of the Arbitrator would be final and binding on all parties, and reviewable only

pursuant to Article 78 of the CPLR. Id., at pp. 3-4. Both parties submitted post-hearing briefs

and the record was closed on July 13, 2006. Id., at pp. 1-2.

3

On July 31, 2006, after reviewing the evidence and arguments of both parties, the Arbitrator concluded that at the time of the accident, the plaintiff was off-duty and she had voluntarily chosen to use the locker room to change into her uniform, which did not constitute the performance of her police duties. Id., at p. 14. Specifically, the Arbitrator found that there was no doubt that the plaintiff was injured approximately thirteen minutes prior to the start of her shift and that "[p]olice officers who change into their uniform at the station do so at their own discretion. There is no evidence that officers are expected or required to change into uniform at the station of that the Village has any problems with officers changing into uniforms at home." Id., at p. 15.

The Arbitrator stressed that there was an important distinction between officers that engage in their police duties before the start of their shift and officers who change into their uniforms prior to the start of their shift. Id., at pp. 15-16. "[C]hanging into uniform must take place prior to the commencement of an officer's shift and is much different than being ordered to go on patrol or directing traffic, acts that would legitimately convert the pre-shift time to duty time." Id., at p. 16. The plaintiff was not ordered to start her tour of duty early, and she voluntarily chose to perform a preparatory act at the station prior to the start of her shift. This was not one of the plaintiff's duties as a police officer. Id., at pp. 16-17. Finally, the Arbitrator found that the Village's decision to grant Officer Waldron GML § 207-c status did not constitute a past practice and is not binding on the Village. Id., at pp. 17-18. Therefore, the Arbitrator ruled that the plaintiff was not eligible for benefits under GML § 207-c as a result of the injuries she sustained on December 28, 2005. Id., at pp. 18-19.

4

On October 26, 2006, the plaintiff filed a complaint with the Equal Employment

Opportunity Commission (hereinafter "EEOC"), alleging that the Village discriminated against

her on the basis of her sex.  <u>See</u> Exhibit "C"; <u>see also</u> Exhibit "A", at ¶ 29.  On April 19, 2007, the

EEOC issued a "right to sue letter" to the plaintiff.  <u>See</u> Exhibit "A", at ¶ 30.  On or about

November 27, 2006, the plaintiff commenced an Article 78 proceeding in the Supreme Court,

Westchester County under Index Number 23186/06.  <u>See</u> Exhibit "D".  The plaintiff's Article 78

Petition seeks a judgment vacating, nullifying, and setting aside the Arbitrator's decision and

declaring the plaintiff is eligible for benefits under GML § 207-c.  <u>Id</u>.  The plaintiff's Article 78

proceeding is currently still pending.

On or about April 26, 2007, the plaintiff commenced the instant lawsuit seeking

compensatory and exemplary damages resulting from the Village's alleged discrimination in

violation of Title VII of the Civil Rights Act of 1964.  <u>See</u> Exhibit "A".  Specifically, the plaintiff

alleges the Village discriminated against her on the basis of her sex when denying her disability

benefits under GML § 207-c.  <u>Id.</u>, at ¶¶ 31-36.  The plaintiff has asserted a separate cause of

action for attorneys' fees pursuant to 28 U.S.C. § 1988.  <u>Id.</u>, at ¶¶ 35-36.


<u>**STANDARD OF REVIEW**</u>

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure should

be granted for failure to state a claim if "it is clear that no relief could be granted under any set of

facts that could be proved consistent with the allegations."  See <u>H.J. Inc. v. Northwestern Bell Tel.</u>

<u>Co.</u>, 492 U.S. 229, 249-50 (1989), *quoting*, <u>Hishon v. King & Spaulding</u>, 467 U.S. 69, 73 (1984).

The district court should grant a motion to dismiss, after viewing the plaintiff's allegations in a

favorable light, if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." See Bolt Elec., Inc. v. City of New York, 53 F.3d 465, 469 (2d Cir. 1995). The plaintiff must plead facts sufficient "to state a claim to relief that is plausible on its face." See Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1960 (2007). In general, "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." See Smith v. Local 819 I.B.T. Pension Plan, 291 F.3d 236, 240 (2d Cir. 2002); see also Hirsh v. Arthur Andersen & Co., 72 F.3d 1085, 1088 (2d Cir. 1995).

## ARGUMENT

**POINT I:      PLAINTIFF'S TITLE VII CLAIM SHOULD BE DISMISSED BECAUSE IT IS TIME-BARRED**

In order to assert a Title VII claim, an employee must file an administrative complaint with the EEOC within one hundred and eighty days after the alleged act of discrimination. If the employee initially filed a charge with a state or local agency with the authority to grant or seek relief regarding the alleged unlawful practice, the employee's time to file a complaint with the EEOC is extended to three hundred days from the alleged discriminatory act. See 42 U.S.C. § 2000e-5(e)(1); see also National R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 109 (2002); see also McPherson v. New York City Dept. of Educ., 457 F.3d 211, 214 (2d Cir. 2006). This timely filing requirement is "is analogous to a statute of limitations." See Van Zant v. KLM Royal Dutch Airlines, 80 F.3d 708, 713 (2d Cir. 1996).

The Supreme Court has held that Congress' choice of short deadlines was clearly intended to encourage the prompt processing of employment discrimination charges. See

6

National R.R. Passenger Corp., 536 U.S. at 108-09. "'[S]trict adherence to procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the law.'" Id., at 18, *quoting*, Mohasco Corp. v. Silver, 447 U.S. 807, 826 (1980). The employee must file the charge within either one hundred eighty or three hundred days after the discrete discriminatory act occurred. Id., at 113.

The alleged discriminatory act, the denial of benefits under GML § 207-c, occurred on January 11, 2006. See Exhibit "A", at ¶ 18; see also Exhibit "B", at p. 5. The Charge of Discrimination and the accompanying document entitled "Complaint" are undated. See Exhibit "C". However, the "Complaint", and the exhibits annexed thereto, bear stamps indicating they were received by the EEOC on October 26, 2006. See Exhibit "C". There is no indication the plaintiff instituted proceedings with a state or local agency prior to filing her EEOC charge, and thus, the one hundred eighty day time period applied to the plaintiff's charge of discrimination. The plaintiff failed to file her EEOC charge within the applicable time limit. In fact, the plaintiff waited over nine months after the alleged discriminatory act before filing a charge with the EEOC. Therefore, the charge underlying the plaintiff's Title VII claim was untimely and the plaintiff's Title VII sex discrimination claim should be dismissed as a matter of law.

**POINT II:    PLAINTIFF'S TITLE VII CLAIM SHOULD BE DISMISSED BECAUSE THE PLAINTIFF CANNOT ESTABLISH A PRIMA FACIE CASE**

To survive a motion to dismiss her Title VII sex discrimination claim, the plaintiff must demonstrate that: (1) she was a member of protected class; (2) she was qualified for the position or benefits sought; (3) she was subject to an adverse employment action; and (4) the adverse

7

action took place under circumstances giving rise to an inference of discrimination on the basis of her sex.  See  St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502, 506-07 (1993); see also Feingold v. New York, 366 F.3d 138, 152 (2d Cir. 2004); see also McNulty v. New York City Dept. Of Finance, 941 F.Supp. 452, 455-56 (S.D.N.Y.  1996).  In the instant case, the plaintiff's Title VII claim should be dismissed because the plaintiff has failed to alleged sufficient facts to establish that:  (1) she was qualified for the benefits under GML § 207-c; (2) she suffered an adverse employment action; and/or (3) the adverse action occurred under circumstances giving rise to an inference of discrimination.

### A.    The Plaintiff Was Not Entitled to Benefits Under GML § 207-c

The plaintiff claims that she was denied benefits under GML § 207-c that were given to other male employees of the Police Department.  See Exhibit "A", at ¶¶ 18, 22-28, 33.  In order to sufficiently plead a claim under Title VII, the plaintiff must proffer more than conclusory allegations that she was qualified or eligible for the position or benefits sought.  See St. Mary's Honor Ctr., 509 U.S. at 506-07; see also Chacko v. Dynair Services, Inc., 2001 WL 930774 at *11 (E.D.N.Y. 2001).  Here, the plaintiff has failed to sufficiently allege that she was eligible for the benefits provided under GML § 207-c.

GML § 207-c provides, in relevant part, that "any member of a police force of any...village who is *injured in the performance of [her] duties...*shall be paid by the municipality...until [her] disability arising therefrom has ceased and, in addition, such municipality shall be liable for all medical treatment and hospital care necessitated by reason of such injury...."[emphasis added].  See N.Y. Gen. Mun. § 207-c (McKinney 2007).  Significantly,

8

the plaintiff fails to allege that she was injured *while performing her duties* or *in the performance of her duties*. <u>See</u> Exhibit "A".   Rather, the Complaint alleges that the "injuries [the plaintiff] suffered were performed on her job as a Police Officer for the Briarcliff Police Department." <u>Id.</u>, at ¶ 12.   However, this is nothing more than a mere mixing of words in the attempt to plead a required element when, in fact, the plaintiff cannot establish this element. Despite the plaintiff's attempts to fashion a claim by including the words "performed" and "on her job", the plaintiff has failed to allege sufficient facts to establish that she was qualified for the benefits sought under GML § 207-c.

Furthermore, the Arbitrator has already determined that the plaintiff was not qualified for benefits under GML § 207-c.  <u>See</u> Exhibit "B".  Under New York law, issue preclusion, or collateral estoppel, applies when the identical issue necessarily must have been decided in a prior action and will be decisive in the present action, and the party to precluded from relitigating the issue must have had a full and fair opportunity to litigate the prior determination.  <u>See</u> <u>Doe v. Pfrommer,</u> 148 F.3d 73, 79 (2d Cir. 1998), *citing*, <u>Juan C. v. R.C. Cortines,</u> 89 N.Y.2d 659, 667 (1997); <u>see</u> <u>also</u> <u>In re The Drexel Burnham Lambert Group, Inc.</u> 161 B.R. 902, 908 (S.D.N.Y. 1993).  Under federal law, arbitration findings can bar claims in federal court proceedings.  <u>See</u> <u>Barnes v. Printron, Inc.,</u> 1995 WL 649936 at * 2 (S.D.N.Y. 1995).  The Second Circuit has held that "res judicata and collateral estoppel apply to issues resolved by arbitration 'where there has been a final determination on the merits, notwithstanding a lack of confirmation of the award.'"  <u>See</u> <u>Jacobson v. Fireman's Fund Ins. Company,</u> 111 F.3d 261, 267-269 (2d Cir. 1997).  To have a preclusive effect on the claim, the arbitration award "must be unambiguous as to the issues raised and addressed in the arbitration."  <u>See</u> <u>Barnes,</u> 1995 WL 649936 at *2.

9

Here, the parties agreed to have the Arbitrator decide the issue of whether the plaintiff was eligible for GML § 207-c status due to the injuries she suffered on December 28, 2005. See Exhibit "B", at pp. 2. The parties also agreed that the determination of the Arbitrator would be final and binding on all parties. Id. at p. 3-4. At the hearing held on April 25, 2006, both parties were afforded the right to have representation, the opportunity to present evidence, examine and cross-examine witnesses, and the opportunity to make arguments in support of their positions. The parties each submitted post-hearing briefs before the Arbitrator rendered his decision. Id., at pp. 1-2. Therefore, the parties were both afforded a full, fair, and adequate opportunity to litigate the issue of whether the plaintiff was eligible for GML § 207-c benefits.

The Arbitrator rendered an opinion and award, determining that the plaintiff was not injured in the performance of her duties and thus, not eligible for benefits under § GML 207-c. Id., at pp. 14-19. Specifically, the Arbitrator emphasized that the plaintiff voluntarily chose to perform a preparatory act at the station approximately thirteen minutes prior to the start of her duty, and was not ordered to start her tour of duty or engage in police duties early. Id., at pp. 14-18. The issue addressed in this arbitration was unambiguous, and the Arbitrator's decision and reasoning regarding this issue was detailed and unambiguous.

In order to succeed on her Title VII sex discrimination claim, the plaintiff must establish she was qualified for the benefits sought under GML § 207-c, which is identical to the issue the plaintiff was previously given a full, fair, and adequate opportunity to litigate during the arbitration. Therefore, the Arbitrator's determination that the plaintiff was not eligible for benefits under GML § 207-c because she was not injured in the performance of her duties should

be given preclusive effect.  Accordingly, the plaintiff cannot establish a prima facie case of discrimination and her Title VII claim should be dismissed as a matter of law.

### B.    The Plaintiff Was Not Subject to an Adverse Employment Action

In order to prove a prima facie case of sex discrimination under Title VII, the plaintiff must also demonstrate that she suffered an adverse employment action.  See St. Mary's Honor Ctr., 509 U.S. at 506-07; see also Feingold, 366 F.3d at 152; see also McNulty, 941 F.Supp. at 455-56.  The plaintiff has alleged that she was denied benefits under GML § 207-c.  See Exhibit "A", at ¶ 18.  However, this is  not sufficient to establish she suffered an adverse employment action.

To be adverse, an employment action must be more disruptive than a mere inconvenience or alteration of job responsibilities.  See Feingold, 366 F.3d at 152.  An employment action will be considered adverse if the employee suffers materially adverse changes in the terms and conditions of his or her employment.  See Galabya v. New York City Bd. of Educ., 202 F.3d 636, 640 (2d Cir. 2000); see also Levich v. The Liberty Central School Dist., 361 F.Supp.2d 151, 164 (S.D.N.Y. 2004).  Adverse employment actions may include discharge, refusal to hire, refusal to promote, demotion, reduction in pay, material loss of benefits, significantly diminished material responsibilities, and reprimand.  See Morris v. Lindau, 196 F.3d 102, 110 (2d Cir. 1999); see also Lennon v. New York City, 392 F.Supp.2d 630, 642 (S.D.N.Y. 2005); see also Feingold, 366 F.3d at 152.

The Complaint does not assert any allegations that the plaintiff suffered any materially adverse change in the terms and conditions of her employment.  The plaintiff does not allege that

11

she was terminated, refused a promotion, demoted, reprimanded, or sustained a reduction in pay

or significant diminishment of material responsibilities.  See Exhibit "A".  The plaintiff merely

alleges that she was denied benefits under GML § 207-c.  Id., at ¶ 18.  She has failed to allege that

she was previously receiving such benefits and that she then lost the benefits.  Therefore, the

plaintiff has failed to provide sufficient factual allegations to establish that she suffered an adverse

employment action.

        In addition, the plaintiff does not assert that she was qualified for the benefits sought.

Rather, while alleging that she was injured, the plaintiff uses the terms "performed" and "on her

job."  This is clearly not the same as providing sufficient factual allegations establishing that she

was injured *in the performance of her duties*.  Furthermore, as more fully discussed above, the

determination of the Arbitrator that the plaintiff was not eligible for benefits under GML § 207-c

has preclusive effect.  Since the plaintiff cannot establish that she was legally entitled to the

benefits, she cannot claim that fact that she did not receive them was an adverse action.


**C.     An Adverse Action Did Not Occur Under Circumstances Giving Rise to an Inference of Discrimination**

        In order to survive a motion to dismiss her Title VII claim, the plaintiff must also establish

that the claimed adverse action occurred under circumstances giving rise to an inference of

discrimination.  See St. Mary's Honor Ctr. v. Hicks, 509 U.S. at 506-07; see also Shumway v.

United Parcel Service, Inc., 118 F.3d 60, 63 (2d Cir. 1997).  The plaintiff must provide more than

conclusory allegations that she was treated differently than similarly situated males in order to

sufficiently plead this last element of a Title VII disparate treatment claim.  Id.; see also Chacko,

2001 WL 930774 at *10. However, to be similarly situated, the individuals the plaintiff compares herself to must be similarly situated in all material respects. Id.

Here, the plaintiff has alleged that she was denied benefits under § 207-c while she was pregnant, and that a male officer was once granted benefits under § 207-c. See Exhibit "A", at ¶¶ 14, 18, 22-28. Although the plaintiff asserts that the male officer was injured in the police department locker room after his tour of duty, she fails to allege any further facts sufficient to demonstrate this officer was similarly situated in all material respects. The plaintiff fails to allege anything more than conclusory allegations to demonstrate the similarity between herself and the male officer, which would include how long before her accident and denial of benefits the officer received these benefits, whether the officer was required to submit an application through the same process, and whether the same Village official reviewed the application. See Chacko, 2001 WL 930774 at *13 (plaintiff failed to establish a prima facie case that he was treated differently from similarly situated employees when a prior General Manager was responsible for allowing carryover vacation in contravention of the company's policy).

Furthermore, the Arbitrator determined that the Village's one time grant of GML § 207-c benefits to a male employee did not constitute a practice and was not binding on the Village. See Exhibit "B", at pp. 17-18. The plaintiff cannot take an isolated, perhaps mistaken, grant of benefits to a male officer and assert it as a claim that similarly treated males were treated differently. Therefore, the plaintiff has failed to allege facts sufficient to establish that an adverse action occurred under circumstances giving rise to an inference of discrimination.

Accordingly, because the plaintiff has failed to plead sufficient factual allegations to establish that: (1) she was qualified for the benefits she sought; (2) she suffered an adverse

employment action; and/or (3) an adverse action occurred under circumstances giving rise to an inference of discrimination, her Title VII sex discrimination claim should be dismissed as a matter of law.

**POINT III:     THE INSTANT FEDERAL ACTION SHOULD BE STAYED BECAUSE PLAINTIFF'S ARTICLE 78 PROCEEDING IS STILL PENDING**

The plaintiff commenced an Article 78 proceeding in the Supreme Court, Westchester County on November 27, 2006 seeking to vacate, nullify, and set-aside overturn the decision of the Arbitrator and for a declaration that the plaintiff was entitled to GML § 207-c benefits.  See Exhibit "D".  The instant federal action was commenced on April 26, 2007.  See Exhibit "A". The Article 78 proceeding is currently still pending.  The plaintiff's Title VII sex discrimination claim clearly requires the parties to litigate the issue of whether the plaintiff was qualified for benefits under GML § 207-c.  The plaintiff's pending Article 78 proceeding seeks to overturn the Arbitrator's decision on the issue of whether the plaintiff was eligible for benefits under GML § 207-c.  Therefore, the instant lawsuit and the Article 78 proceedings will litigate the same issue.

The decision in the Article 78 proceeding should given preclusive effect as to the second element of a prima facie case of discrimination under Title VII.  See Kremer v. Chemical Construction Corp., 456 U.S. 461, 485 (1992); see also  Jacobson, 111 F.3d at 267-69; see also In re The Drexel Burnham Lambert Group, Inc., 161 B.R. at 906, *citing*, Benjamin v. Traffic Executive Ass'n. Eastern R.R., 869 F.2d 107, 110 (2d Cir. 1989)("Under federal law, a confirmed arbitration award is deemed to have preclusive effect.").  Therefore, the outcome of the Article 78 proceeding will be significant in the analysis of the plaintiff's current sex discrimination claim.

14

See Kent v. New York City Dep't. of Sanitation, 549 F.Supp. 570 (S.D.N.Y. 1982) (holding that because plaintiff raised similar issues in Article 78 proceeding, the plaintiff's Title VII claims were barred by res judicata). Accordingly, should the Court chose not to dismiss the plaintiff's Title VII claims, the defendant respectfully requests that the instant action be stayed pending the outcome of the Article 78 proceeding.

**POINT IV:    PLAINTIFF'S 42 U.S.C. § 1988 CLAIM SHOULD BE DISMISSED BECAUSE IT IS DERIVATIVE OF THE TITLE VII CLAIM**

The plaintiff asserts a cause of action for sex discrimination under Title VII, seeking both compensatory and exemplary damages. The plaintiff asserts a second cause of action for attorneys' fees pursuant to 42 U.S.C. § 1988. See Exhibit "A", at ¶¶ 31-36. Title VII allows for the award of attorney's fees to a party that has prevailed on his or her Title VII claims. See 42 U.S.C. § 2000e-5(k); see also Arline v. Potter, 404 F.Supp.2d 521, 529 (S.D.N.Y. 2005). 42 U.S.C. § 1988 allows the court to award reasonable attorneys' fees to the prevailing party in an action or proceeding to enforce various civil rights. However, it does not apply to Title VII claims. Therefore, as the plaintiff has not asserted anything other than a Title VII claim, the plaintiff's cause of action for attorneys' fees under 42 U.S.C. § 1988 should be dismissed as a matter of law.

## <u>CONCLUSION</u>

For all the foregoing reasons, the defendant's motion should be granted and the plaintiff's

Complaint should be dismissed in its entirety, with prejudice, against the Village as a matter of

law.

Dated:  New York, New York
        August 22, 2007


                            Respectfully submitted,

                            **RUTHERFORD & CHRISTIE, LLP**


                            By:_____
                                    Daniel L. Adams (DA 6891)
                                    Attorneys for Defendant,
                                    VILLAGE OF BRIARCLIFF MANOR
                                    300 East 42nd Street, 18th Floor
                                    New York, New York 10017
                                    (212) 599-5799


TO:    BAKER, LESHKO, SALINE & BLOSSER, LLP
       Attorneys for Plaintiff
       One North Lexington Avenue
       White Plains, New York 10601
       (914) 681-9500
       Attention:  Mitchell J. Baker (MB-4339)


16