# Exhibit "A"

**BAKER, LESHKO, SALINE & BLOSSER, LLP**
*Attorneys for Plaintiff*
**One North Lexington Avenue**
**White Plains, New York 10601**
**914.681.9500**
**Mitchell J. Baker (MB-4339)**

07 CIV. 3324

ROBINSON

S.D. OF N.Y. W.P.

2007 APR 25 A 9: 12

FILED U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JURY TRIAL
**DEMANDED**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

LINDA DiMEGLIO,                                          :          07 Civ.     (   )

                          Plaintiff,                     :

              -against-                                  :          **COMPLAINT**

VILLAGE OF BRIARCLIFF MANOR,                             :

                          Defendant.                    :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Plaintiff, Linda DiMeglio, by her attorneys, Baker, Leshko, Saline & Blosser, LLP, complaining of the above-mentioned defendant, alleges as follows:

### Parties

1. Plaintiff Linda DiMeglio is a citizen and resident of the County of Westchester, State of New York.

1

2. Defendant Village of Briarcliff Manor (hereinafter sometimes referred to as "Briarcliff") is a municipal entity organized under and existing pursuant to the laws of the State of New York.

## Jurisdiction

3. This action involves the deprivation of certain rights guaranteed by the United States Constitution and federal law, an in particular Title VII of the Civil Rights Act of 1964 (hereinafter "Title VII").

4. Jurisdiction of this Court is based upon 28 U.S.C. §1331 (federal question).

5. Venue of this Court is proper in this District pursuant to 28 U.S.C. §1391.

## Background

6. Police Officer DiMeglio was and is at all relevant times herein an employee of the Village of Briarcliff Manor, employed by the Police Department thereof as a police officer.

7. Police Officer DiMeglio has worked as a police officer for the Briarcliff Police Department for a period of approximately five (5) years.

8. The Briarcliff Manor Police Department is a small department and at all relevant times herein had approximately twenty (20) members, including officers and patrolman.

2

9. Police Officer DiMeglio is a female.

10. At all relevant times herein, the Briarcliff Manor Police Department has two female members, Police Officer DiMeglio and one other female police officer.

11. On or about December 28, 2005, Police Officer DiMeglio suffered serious injuries to her back and left knee.

12. The injuries Police Officer DiMeglio suffered were performed on her job as a Police Officer for the Briarcliff Police Department.

13. Due to the injuries Police Officer DiMeglio suffered on or about December 28, 2005, Police Officer DiMeglio was unable to perform her duties as a police officer.

14. At the time of her accident, Police Officer DiMeglio was pregnant.

15. The Village of Briarcliff Manor through its representatives, agents and officer knew that Police Officer DiMeglio was pregnant at the time of her injuries.

16. On or about January 4, 2006, Police Officer DiMeglio filed an application for disability benefits provided under New York General Municipal Law §207-c.

17. In essence, General Municipal Law §207-c provides that police officers are entitled to full pay and medical benefits if they are injured in the performance of duty.

18. On or about January 11, 2006, Police Officer DiMeglio received a determination from Briarcliff denying her disability benefits under General Municipal Law §207-c stating the she was not injured during her scheduled work hours.

19. On or about January 17, 2006, Police Officer DiMeglio submitted a request to appeal the determination of Briarcliff denying disability benefits provided under General Municipal Law §207-c.

20. In such appeal, Briarcliff took the position that Police Officer DiMeglio was not entitled to benefits under General Municipal Law §207-c as she was not injured during her scheduled work hours.

21. On or about July 31, 2006, the Arbitrator who heard the appeal issued a decision denying Police Officer DiMeglio benefits under General Municipal Law §207-c.

22. Prior to the decision of Briarcliff not to provide Police Officer DiMeglio, a certain Dennis Waldron was employed by Briarcliff as a Police Officer.

23. Prior to the injury suffered by Police Officer DiMeglio, Mr. Waldron was injured in the men's locker of the Briarcliff Police Department after his tour of duty.

24. Police Officer Waldron injured himself when he shot himself with his off-duty revolver.

25. Upon information and belief, Police Officer Waldron was a Sergeant with the Briarcliff Police Department at the time of his accident.

26. The Village of Briarcliff awarded Police Officer Waldron benefits under General Municipal Law §207-c.

27. Upon information and belief, the decision of award Police Officer Waldron benefits of General Municipal Law §207-c was done in the first instance without the need for any appeal on his part.

28. Officer Waldron is male.

29. Plaintiff timely filed a complaint with the Equal Employment Opportunity Commission alleging sex discrimination as set forth herein.

30. On or about April 19, 2007 the Equal Employment Opportunity Commission issued a "right to sue letter" a copy of which is annexed hereto as Exhibit "A".

### (Sex Discrimination)

31. Plaintiff is an employee of Briarcliff within the meaning of Title VII.

32. The Village of Briarcliff Manor is an employer within the meaning of Title VII.

33. The Village of Briarcliff Manor discriminated against Police Officer DiMeglio in that it denied her benefits under General Municipal Law §207-c wherein it allowed benefits to be granted to Police Officer Waldron, who is a male, under circumstances which evidence discrimination on the part of Briarcliff.

34. Plaintiff has been damaged.

## AS AND FOR A SECOND CLAIM FOR RELIEF

35. Plaintiff realleges and repeats the allegations and statements contained in paragraphs "1" through "34" of this complaint as if more fully set forth herein.

36. Plaintiff is entitled to attorneys' fees in this action pursuant to 28 U.S.C. § 1988.

WHEREFORE, plaintiff demands judgment as follows:

6

1.    On the first claim for relief, a declaration that the Village of Briarcliff Manor has discriminated against Plaintiff upon the basis of sex in violation of law, together with compensatory and exemplary damages in an amount as determined by this Court;

2.    On the second claim for relief, attorneys' fees and disbursements in an amount as determined by this Court;

3.    Costs and disbursements of this action; and

4.    For such other, further and different relief this Court deems just.

Dated: White Plains, New York
       April 25, 2007

                    BAKER, LESHKO, SALINE & BLOSSER, LLP
                    *Attorneys for Plaintiff*


            By:_____
                    Mitchell J. Baker (MB-4339)
                    One North Lexington Avenue
                    White Plains, New York 10601
                    914.681.9500



**(Right to Sue Letter)**



**U.S. Department of Justice**
**Civil Rights Division**

NOTICE OF RIGHT TO SUE
WITHIN 90 DAYS

CERTIFIED MAIL
5057 2549

*950 Pennsylvania Avenue, N.W.*
*Karen Ferguson, EMP, PHB, Room 4239*
*Washington, DC 20530*

April 19, 2007

Ms. Linda DiMeglio
c/o Mitchell J. Baker, Esquire
Law Offices of Baker, Leshko, et al.
Attorneys at Law
1 North Lexington Ave.
White Plains, NY 10601-1712

Re: EEOC Charge Against Village of Briarcliff Manor Police Department
    No. 520200700451

Dear Ms. DiMeglio:

Because you filed the above charge with the Equal Employment
Opportunity Commission, and the Commission has determined that it
will not be able to investigate and conciliate that charge within
180 days of the date the Commission assumed jurisdiction over the
charge and the Department has determined that it will not file any
lawsuit(s) based thereon within that time, and because you through
your attorney have specifically requested this Notice, you are
hereby notified that you have the right to institute a civil action
under Title VII of the Civil Rights Act of 1964, as amended, 42
U.S.C. 2000e, et seq., against the above-named respondent.

If you choose to commence a civil action, such suit must be
filed in the appropriate Court within 90 days of your receipt of
this Notice.

This Notice should not be taken to mean that the Department of
Justice has made a judgment as to whether or not your case is
meritorious.

                    Sincerely,

                    Wan J. Kim
            Assistant Attorney General
               Civil Rights Division

        by  *Karen J. Ferguson*

                Karen L. Ferguson
          Supervisory Civil Rights Analyst
            Employment Litigation Section

cc: New York District Office, EEOC
    Village of Briarcliff Manor Police Department