UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

LINDA DiMEGLIO, :

                Plaintiff, :

     -against- : 07 Civ. 3324 (SCR)

VILLAGE OF BRIARCLIFF MANOR, :

                Defendant. :

-------------------------------------------------------x


## MEMORANDUM OF LAW OF PLAINTIFF
## IN OPPOSITION OF THE MOTION
## OF DEFENDANT TO DISMISS THE
## COMPLAINT PURSUANT TO FRCP 12(b)(6)


BAKER, LESHKO, SALINE & BLOSSER, LLP
*ATTORNEYS FOR PLAINTIFF*
ONE NORTH LEXINGTON AVENUE
WHITE PLAINS, NEW YORK
914.681.9500

# Table of Contents

Preliminary Statement…......………………………………………………2

Statement of Facts………………………………………………………….3

Argument………………………………………………………………......5

I.   THIS ACTION IS TIMELY……………………………………...5

II.  MS. DiMEGLIO HAS PROPERLY STATED
     A CLAIM FOR RELIEF UNDER TITLE VII………………...7

III. THIS MATTER SHOULD NOT BE
     STAYED PENDING A STATE COURT ACTION…………....11

IV.  PLAINTIFF SHOULD BE ALLOWED
     TO AMEND HER COMPLAINT TO
     CLARIFY THE STATUTE UNDER WHICH
     SHE SEEKS ATTORNEYS' FEES……………………....….…16

Conclusion…………………………………………………………….…..17

# Preliminary Statement

This Memorandum of Law is submitted in opposition to the instant application of defendant Village of Briarcliff Manor to dismiss this case pursuant to FRCP 12(b)(6).

Linda DiMeglio alleges in her complaint that she was unlawfully discriminated against by defendant Village of Briarcliff Manor in her work as a Police Officer. Specifically, she alleges disparate treatment – that men, and one man in particular, was granted certain benefits that she as a pregnant female was denied.

A review of the complaint herein conclusively shows that Ms. DiMeglio has more than adequately pled her complaints against her employer.

## Statement of Facts

This case is really very simple. Ms. DiMeglio a female was pregnant at the time of the incident described below came to work as a Police Officer for the Village of Briarcliff Manor Police Department in the morning of December 28, 2005. As she was changing into her Police uniform, a piece of furniture in the women's locker room at the Village of Briarcliff Manor's police department fell on her severely injuring her knee.

Ms. DiMeglio applied to the Village of Briarcliff Manor for benefits under New York General Municipal Law Section 207-c. This section of the law provides that a police officer who is injured in the line of duty is given full pay and benefits until such time as the officer returns to work or ultimately has to retire.

The Village denied Ms. DiMeglio benefits under Section 207-c, even though the Village had granted benefits to one Dennis Waldron who was a Sergeant in the Village of Briarcliff Manor Police Department prior to the injuries suffered by Ms. DiMeglio (Complaint

In Mr. Waldron's case he went to the men's locker room after the close of his duty in the day in question, and he accidentally shot himself with his off duty revolver. The Village granted him benefits under Section 207-c (Complaint ¶¶ 23-26).

After Ms. DiMeglio was initially denied her benefits, she went to a hearing pursuant to the collective bargaining agreement between the Village and her police union. After such hearing the hearing examiner upheld the decision of the Village.

Ms. DiMeglio then commenced a proceeding pursuant to Civil Practice Law and Rules Article 78 seeking to overturn the decision of the Hearing Examiner and obtain her benefits under General Municipal Law § 207-c. She also commenced the instant action pursuant to Title VII of the Civil Rights Act seeking redress thereunder for disparate treatment, and seeks compensatory and exemplary damages and attorneys' fees and costs.

# ARGUMENT

## I.

## THIS ACTION IS TIMELY

Defendant mistakenly submits to this court that plaintiff's Title VII sex discrimination claim is untimely as she filed her charges more than 180 days after the alleged discriminatory act with the Equal Employment Opportunity Commission ("EEOC"). As New York State is a "deferral state", plaintiff has 300 days to file her claim with the EEOC. *See Tewksbury v. Ottaway Newspapers*, 192 F.3d 322 (2nd Cir. 1999). The New York State Division of Human Rights has the authority to remedy employment discrimination, rendering New York a so-called deferral state under Section 706 (e) (1). The law in this Circuit is clear -- the 300 day period applies regardless of whether Ms. DiMeglio filed with the New York State Division of Human Division of Human Rights.

The earliest knowledge of the discriminatory act, the denial of benefits under GML § 207-c, occurred on January 11, 2006. The

"Complaint" to the EEOC bears stamps indicating that the claim was received by the EEOC on October 26, 2006, a time period of 288 days.[1] The plaintiff was timely in filing her EEOC charge within the applicable time limit of 300 days.

Defendant bases its argument on basic sections of law under Title VII without sufficient examination of the text. The cases which defendant base their arguments do nothing more than state that the plaintiff has either 180 days or 300 days to file a charge of discrimination with the EEOC and therefore have absolutely no application in this matter.[2]

---

[1] Defendant does not contest that the EEOC complaint was filed no later than October 26, 2006. See Defendant's Memorandum of Law, p. 5.

[2] Even if this Court were to accept defendant's argument that the EEOC complaint was untimely based on the October 26, 2006, for purposes of a "final" decision in the Village proceedings, it really was not until July 31, 2006 when the hearing examiner issued his final decision. If the July 31, 2006 date is used as the beginning date, Ms. DiMeglio filed her EEOC complaint within 87 days.

## II.
## MS. DiMEGLIO HAS PROPERLY STATED A CLAIM FOR RELIEF UNDER TITLE VII

### A. The Standard of Review on a Motion to Dismiss Pursuant to FRCP 12(b)(6)

It is a fundamental tenant of Federal practice that on a motion made pursuant to FRCP 12(b)(6) this Court must accept as true the factual allegations in the complaint, and view the complaint in the light most favorable to the non-moving party. *Bolt Electric, Inc. v. City of New York*, 53 F.3d 465 (2nd Cir. 1995); *Morgenthal v. American Telephone & Telegraph Co., Inc.*, 1999 U.S. Dist. LEXIS 4294 (S.D.N.Y. 1999) (Batts, J.).

Stating somewhat differently:

> A district court should grant a motion to dismiss under FED. R. CIV. P. 12(b)(6) for failure to state claim only if it is clear that no relief could be granted under any set of facts that could be provided consistent with the allegations....In applying this standard, a district court read the facts alleged in the complaint in the light most favorable to the plaintiff, and accept these

> allegations as true. The Courts duty is to assess
> the legal feasibility of the complaint, not to assay
> the weight of the evidence which might be offered
> in support thereof.

*Dollinger v. State Insurance Fund*, 44 F. Supp. 2d 467, 474 (S.D.N.Y 1999) (McAvoy, J.) (citations omitted).

## B. The Allegations of the Complaint Forcefully Put Defendant on Notice Of Ms. DiMeglio's Complaints

Applying the standard set forth in the immediately preceding section, the complaint herein more than adequately states a cause of action for disparate treatment in violation of Title VII. The Court need only look to the very words stated therein to satisfy it that Ms. DiMeglio has conclusively met this burden.[3]

In the decision of *Demoret v. Zegarelli* the Second Circuit clearly set forth the guidelines which are necessary in establishing a claim of disparate treatment. Judge Cardamone stated that the Courts rely on the burden-shifting framework of *McDonnell Douglas* in order to analyze claims of disparate treatment. This framework requires that,

> The plaintiff must first establish a prima facie case by demonstrating that: (1) she is a member of a protected class; (2) her job performance was satisfactory; (3) she suffered adverse employment

---

[4] A copy of the Complaint in this matter, filed April 26, 2007, is annexed to the affidavit of Mitchell J. Baker, sworn to January 26, 2007, as Exhibit "A".

action; and (4) the action occurred under conditions giving rise to an inference of discrimination.

*Demoret v. Zegarelli*, 451 F.3d 140, 151-52 (2nd Cir. 2006).

Applying the test mentioned above, it is more than evident that the complaint herein sets forth each and every allegation which is necessary to state such a claim for relief.

- Plaintiff alleges she is a member of a protected class – Complaint ¶ 9.

- Plaintiff alleges she was qualified for the subject position and had performed her position satisfactorily – Complaint ¶ 7.

- The plaintiff alleges she was subjected to adverse employment actions – Complaint ¶ 18,

- The action of the employer occurred under circumstances which allows for a reasonable inference of discrimination – Complaint ¶¶ 22-27.

This is really the only analysis this Court need undertake to deny the instant application of defendant.

# III
# THIS MATTER SHOULD NOT BE STAYED PENDING A STATE COURT ACTION

Without any real analysis, defendant next argues that as there is a pending Article 78 proceeding pending in the New York State Courts, arising out of the initial denial of benefits to Ms. DiMeglio, this civil rights action should somehow be stayed. It is submitted that the rights which Ms. DiMeglio seeks to protect in this action vary greatly from the rights for which she seeks redress in the State Court action, and as such, this action should not be stayed.

After Ms. DiMeglio was denied the General Municipal Law Section 207-c benefits she sought from the Village of Briarcliff Manor, she commenced a proceeding pursuant to New York Civil Practice Law and Rules Article 78 arguing the decision of the hearing examiner was arbitrary, capricious and against controlling law.[4]

---

[4] The Village of Briarcliff Manor made a motion to dismiss this Article 78 proceeding, and by decision of the Honorable Lester B. Adler, Justice of the Supreme Court of the State of New York, the motion was denied and the Village was directed to submit its answer to the Article 78 petition. The Village has appealed the decision of Justice Adler, and it has not responded to the Article 78

In this civil rights action, brought pursuant to Title VII of the Civil Rights Act, Ms. DiMeglio is seeking protection for sex discrimination, and alleges that she, as a pregnant female, was denied by the Village benefits which were given to a man under similar circumstances.

Stated somewhat differently, even if Ms. DiMeglio were to succeed in her Article 78 proceeding and was awarded benefits under General Municipal Law Section 207-c, she would still have a right in this action to seek redress under Title VII.[5]

The cases which defendant cite are not relevant to the issues in this matter. In both the *Kremer v. Chemical Construction Corp.* decision of the United States Supreme Court and the decision of the

---

petition. Upon information and belief, it is submitted that the Village is taking the position that it is stayed from complying with the direction of Justice Adler pursuant to Civil Practice Law and Rules Section 5519(a)(1). This section of the law provides in certain circumstances a stay for a political subdivision of the State when it files a Notice of Appeal. If this Court were to grant a stay in this matter, it could be well over a year or two before the appeal of Justice Adler's decision was decided by the Appellate Division of the Supreme Court of the State of New York. A copy of the Petition in that matter is annexed the affidavit of Mitchell J. Baker, sworn to September 21, 2007, as Exhibit "C".

[5] It is also submitted that even if the State courts were to uphold the decision of the hearing examiner, Ms. DiMeglio would still have a viable Title VII claim. She is entitled to know under Title VII why she, as a pregnant female patrol officer, was treated differently than a male sergeant.

District Court in *Kent v. New York City Department of Sanitation* which defendant cite [6], the Courts only held that a previous decision of no discrimination by in the State Court or administrative agencies would be given *res judicata* effect. In our matter, there is no so final determination by the State Courts of its agencies that Ms. DiMeglio was not the subject of discrimination.

Ms. DiMeglio is not appealing in her Article 78 proceeding any discrimination claims, she is simply arguing in that proceeding that under controlling law she was engaged in her work as a Police Officer at the time of her injuries, and she is entitled to benefits under General Municipal Law §207-c.

The issue of entitlement to benefits under General Municipal Law § 207-c and the Title VII claims made hereunder are radically different, and they should be muddled together as defendant is apparently attempting to do.

Additionally, when confronted with an application for a stay, considerations weigh heavily in favor of not staying the Federal

---

[6] See Defendant's Memorandum of Law, pp. 14-15.

proceeding. *General Resinsurance Corp. v. Ciba-Geigy Corp.* 853 F.2d 78, 81 (2d Cir. 1988).

Citing the *Colorado River v. United States* decision of the Supreme Court, the Second Circuit in *General Reinsurance* re-stated the considerations which a Court should consider staying an action. Those considerations include: (1) assumption by either court or jurisdiction over res or property; (2) the inconvenience of the federal forum; (3) the avoidance of piecemeal litigation; (4) the order in which jurisdiction was obtained by the concurrent forums; (5) whether state or federal law supplies the rule of decision; and (6) whether the state court proceeding will adequately protect the rights of the party seeking to invoke federal jurisdiction. *Id.*

It is submitted that in the federal civil rights action based on Title VII, the State Court proceeding does not provide a remedy or protect the rights of Ms. DiMeglio and does not provide a rule of decision. Furthermore, this Court should not be deemed "inconvenient".

As the balance should in any event tip decidedly in favor of federal jurisdiction, these three considerations alone should convince this Court to not stay this proceeding.

## PLAINTIFF SHOULD BE ALLOWED TO AMEND HER COMPLAINT TO CLARIFY THE STATUTE UNDER WHICH <u>SHE SEEKS ATTORNEY'S FEES</u>

In its last argument, the Village admits that Ms. DiMeglio is entitled to an award of attorneys' fees in the matter is she prevails, but that the citation in the Complaint to 42 U.S.C. § 1988 is incorrect as this section does not allow for an award for attorneys fee under Title VII.[7]

Without conceding this point, Ms. DiMeglio will serve and file the Amended Complaint herein which clarifies the statutory basis upon which she seeks attorneys' fees.

---

[7] See Defendant's Memorandum of Law, p. 15.

## Conclusion

Ms. DiMeglio has properly instituted this action on a timely basis and has more than adequately pled her case. The motion should be denied, a discovery schedule should be established and this case should proceed to trial.

Dated: White Plains, New York
       September 21, 2007

Respectfully Submitted,

BAKER, LESHKO, SALINE & BLOSSER, LLP
*Attorneys for Plaintiff*

By: _____
    Mitchell J. Baker (MB-4339)
One North Lexington Avenue
White Plains, New York 10601
914.681.9500


To:  Rutherford & Christie, LLP
     300 East 42nd Street, 18th Floor
     New York, New York 10017
     Attn. Daniel L. Adams, Esq.

# CERTIFICATE OF SERVICE

Mitchell J. Baker hereby certifies that on September 21, 2007 he served the within Affidavit and Memorandum of Law of Plaintiff upon the undersigned by First Class US Mail:

        Rutherford & Christie, LLP
        300 East 42nd Street, 18th Floor
        New York, New York 10017
        Attn.: Daniel L. Adams, Esq.

Dated: White Plains, New York
       January 26, 2007

_____
MITCHELL J. BAKER