UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
LINDA DiMEGLIO,

                        Plaintiff,                  07 CIV 3324 (SCR)

      - against -

VILLAGE OF BRIARCLIFF MANOR,

                        Defendant.
------------------------------------------------------------X

## REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANT'S MOTION TO DISMISS

Of Counsel: Daniel L. Adams

## TABLE OF CONTENTS

**TABLE OF AUTHORITIES** .................................................... ii

**PRELIMINARY STATEMENT** ............................................... 1

**ARGUMENT** ........................................................................ 2

    POINT I

    Plaintiff's Title VII Claim Should be
    Dismissed Because it is Time-Barred ................................ 2

    POINT II

    Plaintiff's Title VII Claim Should be
    Dismissed Because The Plaintiff Cannot
    Establish a Prima Facie Case ............................................ 3

    POINT III

    The Instant Federal Action Should be Stayed Because
    Plaintiff's Article 78 Proceeding is Still Pending ............... 8

    POINT IV

    Plaintiff's 42 U.S.C. § 1988 Claim .................................... 9

**CONCLUSION** .................................................................... 9

# TABLE OF AUTHORITIES

**Cases:**

Chacko v. Dynair Services, Inc.,
    2001 WL 930774 at *11 (E.D.N.Y. 2001) ................................. 5, 7

Demoret v. Zegarelli,
    451 F.3d 140, 151-52 (2d Cir. 2006) ...................................... 4

EEOC v. Commercial Office Products Co.,
    486 U.S. 107, 110-12 (1988) ............................................... 2

Feingold v. New York,
    366 F.3d 138, 152 (2d Cir. 2004) .......................................... 4

Hirsch v. Arthur Andersen & Co.,
    72 F.3d 1085, 1088 (2d Cir. 1995) ......................................... 4

Kent v. New York City Dep't. of Sanitation,
    549 F.Supp. 570 (S.D.N.Y. 1982) ........................................... 8

Kremer v. Chemical Construction Corp.,
    456 U.S. 461, 485 (1992) .................................................. 8

McNulty v. New York City Dept. Of Finance,
    941 F.Supp. 452, 455-56 (S.D.N.Y. 1996) ................................... 4

Shumway v. United Parcel Service, Inc.,
    118 F.3d 60, 63 (2d Cir. 1997) ............................................ 7

St. Mary's Honor Ctr. v. Hicks,
    509 U.S. 502, 506-07 (1993) ............................................ 4, 5

**Statutes:**

42 U.S.C. § 2000e-5(e)(1) ................................................. 2, 3

N.Y. Gen. Mun. § 207-c
    (McKinney 2007) ........................................................... 5

## **PRELIMINARY STATEMENT**

Defendant, Village of Briarcliff Manor (hereinafter "the Village"), by and through its attorneys, RUTHERFORD & CHRISTIE, LLP, respectfully submits this Reply Memorandum of Law in further Support of its Motion to Dismiss plaintiff's Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure on the ground that it fails to state a claim upon which relief can be granted.

As stated in its motion, the defendant respectfully submits that the plaintiff's Complaint should be dismissed as a matter of law as it fails to state a claim upon which relief can be granted because: (1) the plaintiff's Title VII discrimination claim is time barred; (2) the plaintiff cannot establish that she was qualified for the benefits sought as is required to establish a sex discrimination claim under Title VII; (3) the plaintiff did not suffer a materially adverse change in the terms and conditions of her employment as is required to establish a sex discrimination claim under Title VII; (4) an adverse action did not occur under circumstances giving rise to an inference of discrimination as is required to establish a sex discrimination claim under Title VII; (5) the case is not ripe for adjudication as plaintiff's Article 78 proceeding is still pending; and (6) the plaintiff's 42 U.S.C. § 1988 cause of action for attorney's fees is not applicable to claims brought under Title VII.

## ARGUMENT

**POINT I:** **PLAINTIFF'S TITLE VII CLAIM SHOULD BE DISMISSED BECAUSE IT IS TIME-BARRED**

A statutory prerequisite to maintaining a Title VI action in the district court is that plaintiff must have first filed a charge with the EEOC within 180 days after *the last alleged act of discrimination or retaliation.* See 42 U.S.C. § 2000e-5(e) (emphasis added). That period is extended, however, to 300 days in "deferral states," such as New York, *if* the complainant "has *initially* instituted proceedings with a State or local agency with authority to grant or seek relief from such practice...." Id. (emphasis added). Here, however, there is no indication that plaintiff initially instituted proceedings with a State or local agency. To the contrary, it appears plaintiff initially filed with the EEOC.

If a charge is initially filed with the EEOC, as was the case here, and is then referred by the federal to the state agency, the EEOC must hold the charge in abeyance during the state agency's sixty-day period of exclusive jurisdiction. See EEOC v. Commercial Office Products Co., 486 U.S. 107, 110-12 (1988). Thus, to meet the 300-day filing period in a deferral state, such as New York, the complainant must file a charge with the appropriate state or local agency within 300 days, or with the EEOC within 240 days and have the EEOC refer his charge to the state or local agency. Id. Here, plaintiff did not file with the EEOC until 288 days after the last alleged act of discrimination. If a complainant fails to file within 240 days, the charge may still be timely filed with the EEOC if the local agency terminates its proceedings before 300 days. Id. But here, the plaintiff has not plead, nor is there any evidence, that the matter was ever referred to the local agency. The EEOC's right

to sue letter was issued April 27, 2007, *long* after the 300 day-period had expired. Therefore, even in a "deferral state" such as New York, the action is untimely.

Plaintiff suggests in footnote 2 of her Memorandum of Law that the time should be calculated from the time the hearing examiner issued his final decision. Such a suggestion is contrary to the plain language of the statute, which mandates filing "within 180 days after the last alleged act of discrimination..." See 42 U.S.C. § 2000e-5(e). Here, the Complaint clearly states that the act of alleged discrimination was the January 11, 2006 denial of benefits, not anything that took place during subsequent proceedings on the issue of her denial of benefits. The hearing examiner's final decision upholding the denial of benefits does not transform the hearing examiner's decision into the "last act of discrimination." If agency and judicial proceedings designed to adjudicate allegations of discrimination, or the facts and circumstances giving rise to such claims, were construed as continuing acts of discrimination so long as they do not favor the claimant, there would be no limitations period. Claimants would be able to indefinitely toll the limitations period by continually litigating claims. In short, it is bootstrapping. There is no merit to the suggestion that the time for calculating the relevant limitations period should begin when the hearing examiner issued his final decision. Accordingly, plaintiff's Title VII claim is time barred and should be dismissed.

**POINT II:  PLAINTIFF'S TITLE VII CLAIM SHOULD BE DISMISSED BECAUSE THE PLAINTIFF CANNOT ESTABLISH A PRIMA FACIE CASE**

To survive a motion to dismiss her Title VII sex discrimination claim, the plaintiff must demonstrate that: (1) she was a member of protected class; (2) she was qualified for the position or benefits sought; (3) she was subject to an adverse employment action; and (4) the adverse action took

place under circumstances giving rise to an inference of discrimination on the basis of her sex. See St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502, 506-07 (1993); see also Feingold v. New York, 366 F.3d 138, 152 (2d Cir. 2004); see also McNulty v. New York City Dept. Of Finance, 941 F.Supp. 452, 455-56 (S.D.N.Y. 1996). In the instant case, the plaintiff's Title VII claim should be dismissed because the plaintiff has failed to alleged sufficient facts to establish that: (1) she was qualified for the benefits under GML § 207-c; (2) she suffered an adverse employment action; and/or (3) the adverse action occurred under circumstances giving rise to an inference of discrimination.

Plaintiff, citing Demoret v. Zegarelli, 451 F.3d 140, 151-52 (2d Cir. 2006), argues that her complaint literally complies with the minimum pleading requirements such that the Complaint need not be dismissed. Plaintiff sets forth the elements of a discrimination case and then simply repeats the conclusory allegations that defendant attacked in the instant motions without actually demonstrating *why* the allegations are more than conclusory. Conclusory and speculative allegations and conclusions of law are not considered to be well plead and need not be accepted as true. See Hirsch v. Arthur Andersen & Co., 72 F. 3d 1085, 1092 (2d Cir. 1995). Where, as here, defendant reveals that the undisputed facts demonstrate that plaintiff cannot meet one or more of the elements of her case, it is incumbent for plaintiff to show that she can. She has not, and the action should be dismissed.

In particular, plaintiff falls short because she provides an incomplete recitation of the elements of a gender discrimination case. As to one element in particular, plaintiff asserts that to make out a case, plaintiff need only show that she "performed her position satisfactorily." This is incomplete because the element also queries whether plaintiff was eligible for the benefits sought. As a consequence, plaintiff does not even address the point made in the underlying motion. In order

to sufficiently plead a claim under Title VII, the plaintiff must proffer more than conclusory allegations that she was qualified or eligible for the position *or benefits* sought. See St. Mary's Honor Ctr., 509 U.S. at 506-07; see also Chacko v. Dynair Services, Inc., 2001 WL 930774 at *11 (E.D.N.Y. 2001). Here, the plaintiff has failed to sufficiently allege that she was eligible for the benefits provided under GML § 207-c.

As more fully discussed in defendant's underlying motion, GML § 207-c provides, in relevant part, that "any member of a police force of any...village who is *injured in the performance of [her] duties*...shall be paid by the municipality..."[emphasis added]. See N.Y. Gen. Mun. § 207-c (McKinney 2007). Significantly, the plaintiff fails to allege that she was injured *in the performance of her duties*. See Exhibit "A" of the Motion. Rather, the Complaint alleges that the "injuries [the plaintiff] suffered were performed on her job as a Police Officer for the Briarcliff Police Department." Id., at ¶ 12. However, alleging that her "injuries...were performed on her job" is nothing more than a mixing of words in the attempt to plead a required element when, in fact, the plaintiff cannot establish this element. In her Article 78 Petition, plaintiff does not dispute that her injury occurred prior to duty hours, but argues that her activity of donning her uniform in the locker room should be considered an activity done "in the performance of her duties." This argument was rejected by the arbitrator, see Id. at Ex. B, and plaintiff fails to allege new or different facts in her Complaint that would demonstrate, in other than conclusory fashion, that she falls within the ambit of the statutory language. Thus, despite the plaintiff's attempts to fashion a claim by including the words "performed" and "on her job", the plaintiff has failed to allege sufficient facts to establish that she was qualified for the benefits sought under GML § 207-c.

Plaintiff makes no effort to dispute defendant's showing that plaintiff's claims are effectively barred by principles of res judicata and collateral estoppel because the Arbitrator has determined that the plaintiff was not qualified for benefits under GML § 207-c. Therefore, by extension, plaintiff cannot make out a claim under Title VII. In order to succeed on her Title VII sex discrimination claim, the plaintiff must establish she was qualified for the benefits sought under GML § 207-c, which is identical to the issue the plaintiff was previously given a full, fair, and adequate opportunity to litigate during the arbitration. The Arbitrator's determination that the plaintiff was not eligible for benefits under GML § 207-c because she was not injured in the performance of her duties should be given preclusive effect. Accordingly, the plaintiff cannot establish a prima facie case of discrimination and her Title VII claim should be dismissed.

Similarly, plaintiff makes no effort to demonstrate *why* the denial of benefits alleged in ¶ 18 of the Complaint constitutes an "adverse employment action." As discussed in the original motion, an adverse action can include a material loss of benefits. Plaintiff, however, has failed to allege that she was previously receiving such benefits and that she then lost the benefits. Therefore, the plaintiff has failed to provide sufficient factual allegations to establish that she suffered an adverse employment action. Furthermore, the plaintiff does not assert that she was qualified for the benefits sought. Rather, as previously discussed, the Arbitrator's determination that the plaintiff was *not* eligible for benefits under GML § 207-c has preclusive effect. Since the plaintiff cannot establish that she was legally entitled to the benefits, she cannot claim that fact that she did not receive them was an adverse action.

Finally as to the merits of plaintiff's Title VII claim, plaintiff makes no effort to show *how* the claimed adverse action occurred under circumstances giving rise to an inference of

discrimination. Shumway v. United Parcel Service, Inc., 118 F.3d 60, 63 (2d Cir. 1997). In order to sufficiently plead this last element of a Title VII disparate treatment claim, the plaintiff must provide more than conclusory allegations that she was treated differently than similarly situated males. Id.; see also Chacko, 2001 WL 930774 at *10. However, to be similarly situated, the individuals the plaintiff compares herself to must be similarly situated in all material respects. Id.

Here, the plaintiff fails to allege anything more than conclusory allegations to demonstrate the similarity between herself and the male officer, which would include how long before her accident and denial of benefits the officer received these benefits, whether the officer was required to submit an application through the same process, and whether the same Village official reviewed the application. See Chacko, 2001 WL 930774 at *13 (plaintiff failed to establish a prima facie case that he was treated differently from similarly situated employees when a prior General Manager was responsible for allowing carryover vacation in contravention of the company's policy). Furthermore, the Arbitrator determined that the Village's one time grant of GML § 207-c benefits to a male employee did not constitute a practice and was not binding on the Village. See Exhibit "B", at pp. 17-18. The plaintiff cannot take an isolated, perhaps mistaken, grant of benefits to a male officer and assert it as a claim that similarly treated males were treated differently. Therefore, the plaintiff has failed to allege facts sufficient to establish that an adverse action occurred under circumstances giving rise to an inference of discrimination.

In sum, plaintiff does nothing more than cite to the elements of a prima facie Title VII case without making *any* effort to demonstrate *why* or *how* her complaint satisfies the elements of a prima facie case. Defendant has shown that plaintiff has not sufficiently plead her case. Accordingly, because the plaintiff has failed to plead sufficient factual allegations to establish that: (1) she was

qualified for the benefits she sought; (2) she suffered an adverse employment action; and/or (3) an adverse action occurred under circumstances giving rise to an inference of discrimination, her Title VII sex discrimination claim should be dismissed as a matter of law.

### POINT III:  THE INSTANT FEDERAL ACTION SHOULD BE STAYED BECAUSE PLAINTIFF'S ARTICLE 78 PROCEEDING IS STILL PENDING

Plaintiff's argument in opposition to a stay misses the point. Plaintiff argues that a stay is not appropriate because the Article 78 and instant Title VII action seek different remedies. The key issue in both actions, however, is whether plaintiff was entitled to benefits under GML § 207-c. Specifically, the decision in the Article 78 proceeding will given preclusive effect as to the second element of a prima facie case of discrimination under Title VII. See Kremer v. Chemical Construction Corp., 456 U.S. 461, 485 (1992). Therefore, the outcome of the Article 78 proceeding will be significant in the analysis of the plaintiff's current sex discrimination claim. See Kent v. New York City Dep't. of Sanitation, 549 F.Supp. 570 (S.D.N.Y. 1982) (holding that because plaintiff raised similar issues in Article 78 proceeding, the plaintiff's Title VII claims were barred by res judicata). Accordingly, should the Court choose not to dismiss the plaintiff's Title VII claims, the defendant respectfully requests that the instant action be stayed pending the outcome of the Article 78 proceeding.

**POINT IV:    PLAINTIFF'S 42 U.S.C. § 1988 CLAIM**

The plaintiff apparently concedes that seeking attorneys' fees under 42 U.S.C. § 1988 is not permitted in that she seeks to interpose an amended complaint to set forth the proper statutory basis for seeking attorneys' fees. Plaintiff does not actually seek the Court's permission in this regard. Nevertheless, should the Court find that plaintiff's action is not subject to dismissal, defendant seeks a reasonable period of time after the lifting of any stay to serve and file its answer.

**CONCLUSION**

For all the foregoing reasons, the defendant's motion should be granted and the plaintiff's Complaint should be dismissed in its entirety, with prejudice, against the Village as a matter of law.

Dated: New York, New York
       October 1, 2007

                                    Respectfully submitted,

                                    **RUTHERFORD & CHRISTIE, LLP**

                                    By: _____
                                        Daniel L. Adams (DA 6891)
                                        Attorneys for Defendant,
                                        VILLAGE OF BRIARCLIFF MANOR
                                        300 East 42nd Street, 18th Floor
                                        New York, New York 10017
                                        (212) 599-5799

TO:   BAKER, LESHKO, SALINE & BLOSSER, LLP
      Attorneys for Plaintiff
      One North Lexington Avenue
      White Plains, New York 10601
      (914) 681-9500
      Attention:  Mitchell J. Baker (MB-4339)

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing **Reply Memorandum of Law in Further Support of Defendant's Motion to Dismiss** was furnished via regular mail to the office of BAKER, LESHKO, SALINE & BLOSSER, LLP, Attorneys for Plaintiff, Linda DiMeglio, One North Lexington Avenue, White Plains, New York 10601, on this 1st day of October, 2007.

_____
Daniel L. Adams